## SCROGGINS v. McDOUGALD, ET AL.

1. When a vendee is in the occupancy of land, which the vendor afterwards sells to another, to whom he transfers the evidence of legal title, the subsequent purchaser is charged with notice, and will be considered as holding the legal title as a trustee for the first vendee ; but is entitled to be reimbursed money expended necessarily in completing the legal title.

Writ of Error to the Court of Chancery for the 14th District.

The case made by the bill is this :

Certain persons named in the bill were constituted commissioners of the town of Crawford, in Russell county, for the purpose of selling lots therein, and conveying titles to the same. Some-

time in the year 1840, these commissioners sold to one McLean, a certain lot described as No. 27, and executed to him a certificate of the purchase. McLean went into possession of the lot, improved it, by building a log cabin, &c. and afterwards, in March, 1841, sold the lot for $300, to one Bagly, and executed to him a bond conditioned to make titles, whenever he should receive the purchase money. Afterwards, Bagly being indebted to the complainant, transferred to her the bond which McLean had executed to him to make titles. The complainant, at the time of the transfer of the bond, went into possession of the lot, and has remained in possession ever since. After the transfer of the land, Bagly paid the notes executed by him to McLean for the purchase money. McLean, after the transfer of his bond to the complainant by Bagly, in the early part of the year 1842, transferred the certificate issued to him by the commissioners to McDougald, the defendant, without any consideration paid therefor, and McDougald afterwards procured the commissioners to execute a deed conveying to him the fee simple title, upon which he commenced an action at law, to recover the lot from the complainant, and refuses to convey the title to her.

The bill prays that McDougald may be restrained from pursuing his said suit, and compelled to convey titles to the complainant.

McDougald admits that McLean purchased the lot from the commissioners, as stated by the bill, and asserts that McLean transferred the certificate to him in payment of a debt which had been long due. He asserts also, that he was entirely ignorant that McLean had sold the lot to any other person, or that any one was in possession of it when the certificate was transferred, and that he furnished McLean money to pay the last instalment due the commissioners. He admits that a deed in fee has been executed by them to him, which he exhibits.

The bill as to McLean was taken as confessed, and the testimony shows that Bagly was in possession of the lot in the years 1841 and 1842, and possibly longer; also, that the notes given by him to McLean, for the purchase money, have been paid.

It was also admitted by the solicitor for McDougald, that the complainant lived with Bagly on the lot in question, and had no other place of residence ; that she was a single woman, and had

no other relative, and lived there with Bagly, at the time when the deed to McDougald was made.

The Chancellor dismissed the bill at the hearing, chiefly because it did not appear from the evidence in the cause, that McDougald knew that the possession of the lot in dispute was with the claimant when the defendant acquired his equitable, as well as legal title to the lot.

This is now assigned as error.

S. HEYDENFELDT and PECK, for the plaintiff in error argued the following points:

1. The possession of the claimant was adverse at the time of the execution of the deed, and the deed being void for this, [Dexter v. Nelson, 6 Ala. Rep. 68,] the parties are thrown on their respective equities, and that of the complainant being the oldest, and accompanied by possession, must prevail.

2. If McDougald's purchase was fair, yet he is chargeable with notice of the equity of the complainant, on account of her possession at the time of McDougald's purchase. [1 Atk. 522; 2 Lom. & Stu. 472; 2 Sch. & Lef. 315; 13 Vesey, 120; 14 Ib. 433; 2 Paige, 574; 6 Madd. 59.]

3. McDougald is not a *bona fide* purchaser, for a valuable consideration, and therefore cannot protect himself even if without notice. [4 Paige, 215; 19 John. 282; 20 Ib. 637; 1 Ala. Rep. N. S. 21.]

J. E. BELSER, contra.

GOLDTHWAITE, J.—The admissions of the counsel for McDougald, as well as the evidence of the only witness examined in the cause, establishes that the complainant and Bagly, under whom she claims, had the actual possession of the lot at the time when McLean assigned the certificate of the commissioners to McDougald, by means of which he subsequently obtained the title. The only question therefore, in this aspect of the case is, whether the possession so held was a sufficient matter to put the defendant, McDougald, upon inquiry as to the title of the occupants, and thus affect him with notice, although, in point of fact he had no information that the possession was thus held. It is laid down very generally in the books, that whatever is sufficient

to put the purchaser upon inquiry, is good constructive notice. [Atkinson on Marketable titles, 573 ; 2 Sug. on Vend. 290.] It is difficult to conceive what circumstance can be more strong to induce inquiry, than the fact that the vendor is out of possession and another is in. Accordingly it has been held, that information to a purchaser, that a tenant was in possession, is also notice of his interest. [Hiern v. Wall, 13 Vesey, 120.] And if any part of the estate purchased is in the occupation of a tenant, it is considered full notice of the nature and extent of his interest. [Atkinson on Mark. Tit. 574.] In the American Courts, the rule is very generally recognized, that if a vendee is in possession of lands, a subsequent purchaser or mortgagee has constructive notice of his equitable right. [Brown v. Anderson, 1 Monroe, 201 ; Johnson v. Gwathney, 4 Litt. 317; Charterman v. Gardner, 5 John. C. 29 ; Governeur v. Lynch, 2 Paige, 300 ; Grimstone v. Carter, 3 Ib. 421.] As the complainant in this case was in the occupancy of the land at the time when McDougald acquired it by purchase or transfer from McLean, it is immaterial whether knowledge of the occupany can be traced to him, because the law casts on him the duty of ascertaining how that fact is. If a different rule was admitted, a purchaser residing at a distance from the land, would rarely be charged with notice on this account.

McDougald being chargeable with notice of the equities of the complainant, can take nothing by the transfer made to him by McLean, but holds the title acquired from the commissioners as a trustee. [Legget v. Wall, 2 A. K. Marsh. 149 ; Pugh v. Bell, 1 J. J. M. 403.] He will therefore be compelled to convey it, upon the re-imbursement to him of the sum actually paid to the commissioners, to perfect the right to a legal title.

The decree, instead of dismissing the bill, should have declared the defendant, McDougald, trustee for the complainant, and directed a reference, to ascertain the sum paid by him to the commissioners, to perfect the legal title to the lot, and on payment of this by the complainant, to vest in her the title of McDougald.

Reversed and remanded to carry out the measures here indicated.