## Eslava *v.* Eslava.

*Bill in Chancery to set aside Fraudulent Decree foreclosing Mortgage.*

*Fraudulent chancery decree.* — A decree in chancery foreclosing a mortgage, if obtained by fraud, is void, and will be so declared at the instance of a party whose rights are injuriously affected by it, on bill filed to set it aside on that ground ; and an asserted title, founded upon it, is also void.

APPEAL from the Chancery Court at Mobile.
Heard before the Hon. ADAM C. FELDER.

ALEX. MCKINSTRY, for appellants.

WM. BOYLES, *contra.*

PETERS, C. J. — This bill was filed by Nizida Eslava, as complainant, against Alice Eslava, Charles H. Eslava, M. D. Eslava, and Raymond P. Guiterrez, as defendants. Alice Eslava and Charles H. Eslava were duly served with subpœna ;

[Eslava v. Eslava.]

and M. D. Eslava and Guiterrez, as non-resident defendants, were served with notice of the suit by publication, made in due form of law. None of the defendants answered the bill in any way, and decrees *pro confesso* were regularly taken against all of them in the court below; and the final decree of that court is based on the bill and exhibits, and the decrees *pro confesso* regularly taken against all the defendants. The purpose of the suit is to set aside and declare void a certain final decree of the chancery court of Mobile, for the foreclosure of a mortgage therein mentioned, on account of fraud injurious to this complainant, committed in obtaining said final decree by the parties thereto. This alleged fraudulent decree was rendered in 1867. In the court below there was a decree rendered in conformity to the prayer of the bill. From this latter decree the appellants take this appeal, and here they assign as error the judgment of the court below, setting aside the decree in the foreclosure suit.

"In all cases in which decrees *pro confesso* are lawfully taken, the allegations of the bill are to be regarded as admitted, except in the case of infant defendants, lunatics, executors, administrators, and bills for divorce." Rev. Code, § 3391; *Jones* v. *Beverly*, 45 Ala. 161. Then, in the first place, it may be asked, does fraud render a decree of a court of chancery void? And in the second place, do the facts stated in this bill amount to such fraud? As a general principle, "fraud will vitiate any, even the most solemn transactions; and an asserted title founded upon it is utterly void." *United States* v. *The Amistad*, 15 Peters, 518, 594. This is certainly sufficiently broad to take from a final judgment its conclusive character, when it is founded upon a fraud. To this extent at least, I understand the authorities to go. *Pratt* v. *Northam*, 5 Mass. 95; 1 Story's Eq. § 252. This is sufficient to justify the relief sought in this cause, if the facts stated in the bill and exhibits show a case of fraud. And I think that this is beyond all question. The bill shows that the mortgage debt was fully paid off and satisfied; and that the complainant in this suit had title to a portion of the land mentioned in the mortgage which had been discharged; yet the mortgage was foreclosed without making her a party; and that all the parties to the mortgage suit, and all the defendants to this suit save said Guiterrez, had full knowledge of all these facts; and that the foreclosure suit was conceived, and carried to final decree, in fraud of complainant's rights, and the decree and proceedings under it were fraudulent and void. And as soon as complainant discovered the fraud, she filed her bill. These main facts are stated with great particularity in the bill, and repeated in the most pointed charges. The evidence, which consisted in the admissions of

the charges in the bill and exhibits, was ample to sustain the chancellor's decree.

The decree in the court below is, therefore, affirmed, at the costs of the appellants.