[Fox v. Storrs.]

# Fox *v.* Storrs.

*Statutory Real Action in the Nature of Ejectment.*

1. *Powers or trusts ; duration of.*—The general rule is, that powers or trusts can not continue beyond the period required by the purposes for which they were created.

2. *Same ; will construed.*—A testator devised and bequeathed to his widow the legal title to all his estate, impressed with an express trust for the support, maintenance and education of his children, and coupled with the power to manage and control his property during her life or widowhood, or until there should be a distribution under the provisions of the will; and further provided for the allotment to each child, on marrying or attaining majority, of his or her share of the estate, the family relation continuing as to the others, and for an absolute division and distribution on the second marriage of the widow. *Held*, that a general, discretionary power conferred on the widow by the will to sell all or any part of the testator's estate, not limited to any particular purpose or period of time, terminated on her second marriage, and was incapable of exercise by her thereafter.

APPEAL from Shelby Circuit Court.

Tried before Hon. S. H. SPROTT.

This was a statutory real action in the nature of ejectment, brought by John S. Storrs and three others against Herman Fox, and was commenced on 3rd September, 1881. The cause was tried on issue joined on the plea of not guilty, the trial resulting in a verdict and judgment in favor of the plaintiffs for " four-fifths" of the premises sued for.

As shown by the evidence, John S. Storrs departed this life in 1862, seized and possessed of the land in controversy, and leaving him surviving the plaintiffs, his only children, and Martha S. Storrs, his widow. He also left a last will and testament, which was duly admitted to probate in the probate court of Shelby county, in this State, in August, 1863, when the widow, she having been nominated in the will, was appointed executrix. The will was read in evidence, and its provisions are, for the purpose of this report, sufficiently stated in the opinion. The said Martha S. Storrs intermarried with one Holbrook prior to the year 1871 ; and afterwards, on 20th September, 1871, she sold and conveyed the premises sued for to Pleasant H. and Charles B. West, the said Holbrook joining with her in the execution of the deed. The defendant was in possession of said premises, at the time this suit was commenced, " as a tenant of Mrs. M. J. Houston, who holds the same

by regular conveyance through the said Wests." The rental value of the property was also shown. This being the substance of all the evidence introduced on the trial, the court charged the jury, at the written request of the plaintiffs, that if they believed the evidence, they should find "for the plaintiffs for four-fifths of the premises, and for four-fifths of the amount of the rental value thereof from one year before the commencement of suit to the day of trial." To this charge the defendant excepted, and also to the refusal of the court to charge, at his written request, that if they believed the evidence, they should find for him.

The charge given, and the refusal to charge as requested, are here assigned as error.

Cobb, Wilson & Wilson, for appelants.

Troy & Tompkins, *contra*.

BRICKELL, C. J.—It is plain, and has not been controverted, that by the will of the testator, John S. Storrs, there is conferred upon his widow a general, discretionary power to sell all or any part of his estate. The primary question is, whether this power was continuing, or whether it had expired at the time of the sale and conveyance under which the defendant deduced title to the premises in controversy. The purposes for which the power was to be executed are not specially appointed in the will; neither the payment of the debts of the testator, nor the support of his wife and children, nor the education of his children, nor effecting a division between the wife and children, nor the conversion of property from one species to another, is designated as a purpose, to accomplish which the power may be exercised. The power is general, a matter of personal confidence in the donee, and to her discretion solely its exercise is committed, and the policy or expediency of its exercise she was to determine in view of the interests of the beneficiaries to whom the estate is ultimately devised and bequeathed.

The legal title to all the estate of the testator is devised and bequeathed to the widow, coupled with the power to manage and control it during her life or widowhood, or until the period appointed for division and distribution. Upon the legal estate is impressed an express trust for the support, maintenance and education of the children of the testator, enduring until there is a division and distribution. The manifest purpose of the testator was the continuance after his death of his family relations unbroken and undisturbed, the wife and mother having the control, while she remained unmarried. When either of his children arrived at full age, or married with the

[Fox v. Storrs.]

consent of the mother, if such child desired, a division and distribution were to be made, allotting to him or her a share of the estate, corresponding to the share which the statute of descents and distributions would have given in cases of intestacy; the residue of the estate remaining in the possession, and under the control of the mother, in whom the legal title resided. But upon the marriage of the mother, whenever it occurred, whether during or after the minority of the children, or before or after the marriage of a child, the estate was to be divided and distributed; each child, not having previously drawn a share, taking one-fifth absolutely, and the mother one-fifth during her life, remainder to the children. A will of this general scope and character is not unusual. The controlling purpose is, that during the minority of the children, and the widowhood of the mother, the family relations of the testator may remain undisturbed, and to his place, as the head and governor of the family, the wife and mother may succeed. They spring from affection for the wife, and unlimited trust and confidence that while in widowhood, left only to her own judgment, and a consideration of the interests of herself and children, the powers with which she is invested will be justly and prudently exercised. But while to her, the trust and confidence is extended, and large discretionary powers are committed, as it can not be anticipated when she may marry, the testator is naturally unwilling that the powers should be exercised after her marriage, when her judgment and discretion may be controlled by a stranger to him, and an alien to his children.

The general rule is, that powers or trusts can not continue beyond the period required by the purposes for which they are created.—4 Kent, 233 ; Perry on Trusts, § 312. The power of sale with which the widow was invested is but one of the trusts resting in personal confidence, created by the will. It is the largest and most exclusively discretionary powers with which she is clothed ; a power it can not be presumed it was contemplated she should exercise after the termination of her legal estate, and after the period appointed for division and distribution, when she had formed a new relation, in which necessarily her discretion and judgment were in a greater or less degree subordinated to that of another, who was unknown to the testator, and to whom he did not extend confidence and trust. The exercise of the power after marriage would not be consistent with the division and distribution of the estate, which the will expressly appointed at the period of the marriage of the widow, and would enable her then to defeat and disappoint the legal estate with which the children, in that event, were invested as tenants in common with her. The sale and conveyance after her marriage was unathorized ; the power of sale

[Moody, Adm'r, v. Hemphill.]

·given by the will had expired ; it was a continuing power only
during the continuance of the legal estate of the widow, and
was incapable of exercise after the termination of that estate.
2 Perry on Trusts, § 498.

The result is, the circuit court did not err in the instruction
given the jury, and the judgment must be affirmed.