# Christian *v.* American Freehold Land Mortgage Co.

### *Bill in Equity for Foreclosure of Mortgage.*

1. *Sufficiency of allegation.*—In a bill which seeks the foreclosure of a mortgage executed by one John B. C., an averment that, prior to the execution of the mortgage, his sister, Mary C., "executed a deed to the said John B., purporting to convey to him all her right and interest in said lands, and complainant avers on information and belief, and the advice of counsel, that said deed so executed by the said Mary C. did convey to the said John B. all the right, title and interest which she then had in said lands,"—is a sufficient averment as a fact, that Mary C. had conveyed by deed her interest in the lands to John B. (*Ex parte Reid*, 50 Ala. 439, explained and limited.)

2. *Discretionary powers of trustee.*—Under a deed of gift by which the grantor conveys her interest in lands to her brother, as trustee for his children, declaring that he "shall and may use and employ" the same "in such manner as may seem to him best, for the benefit and interest of said children, free from all restraint or control to be exercised by them or any of them, or by any other person ; and should he deem it at any time advisable to sell or dispose of the estate herein conveyed to him, he is fully authorized to make such sale, and to re-invest the proceeds thereof, at his discretion, for the benefit of his said children, taking such transfer, titles and conveyances for any property so purchased, in his character of trustee, as may and shall effectually protect said property in favor of his said children, against the claims and demands of all persons growing out of his own individual debts and liabilities ;" the discretionary powers to use and sell are personal trusts, and can not be exercised by a succeeding trustee appointed by the register in chancery.

3. *Duration of trust estate.*—Whenever a trust estate is created, a legal estate sufficient for the purposes of the trust will, if possible, be implied in the trustee, whatever may be the limitations of the instru-

[Christian v. Amer. Freehold Land Mort. Co.]

ment; and though a legal estate may be limited to the trustee and his heirs to the fullest extent, it will not be carried farther than the complete execution of the trust requires

APPEAL from the Chancery Court of Perry.
Heard before the Hon. WM. H. TAYLOE.

JOHN F. VARY, for appellants.

PETTUS & PETTUS, *contra.*

STONE, C. J.—Lands were conveyed by mortgage to the appellee in September, 1885. John B. Christian was the mortgagor, and the consideration of the mortgage was twenty-eight hundred dollars lent to him by the American Freehold Land Mortgage Company, of London, Limited. Part of the land conveyed by the mortgage had been the property of Mary C. Christian, sister of John B. the mortgagor. This is shown by the averments of the bill. To show that the interest of Mary C. had been conveyed to her brother before he executed the mortgage, the bill contains this averment: "That on, to-wit, the third day of August, 1885, the said Mary C. Christian executed a deed to the said John B. Christian, purporting to convey to the said John B. Christian all [her] right and interest in the said lands described in the said mortgage to the complainant; and complainant avers, on information and belief and the advice of counsel, that the said deed so executed by the said Mary C. Christian did convey to the said John Beverly Christian all the right, title and interest which the said Mary C. Christian then had in the lands described in the mortgage."

One ground of demurrer interposed for Mary C. Christian was and is, that the language we have copied is not an averment that John Beverly Christian, prior to the execution of the mortgage, had become the owner of Mary C.'s interest in the lands. We can not assent to this. The word, purporting, in the sense here used, is employed as the equivalent of the phrase, apparent on its face, or seeming. That is, it appeared to convey her interest, and the further averment that Mary C. conveyed to John B. all her right, title and interest, is not destroyed or impaired by the needless averment that the charge was made on information, belief, or the advice of counsel. The charge is made that Mary C. did convey, and that is sufficient, with or without a statement of the grounds on which it was based.—Sto. Eq. Pl. § 253a; *Lucas v. Oliver*, 34 Ala. 626; *Nix v. Winter*, 35 Ala. 309; *M. & C. R. R. Co. v. Woods*, 88 Ala. 630. If the case, *Ex parte Reid*, 50 Ala. 439, appears to be

opposed to this view, we answer, first, that case, closely scanned, presents a different question from the one we are considering. The true objection to the pleading in that case, as stated by the author of the opinion, was, that the averment, instead of stating the facts, simply announced a conclusion, a result. Second, the opinion was by a divided court, the distinguished jurist, Brickell, since then chief justice of this court, dissenting. We will follow the older rulings.

The intention and operative effect of a conveyance must generally be gathered from the language in which it is expressed, and it is not necessary to aver the intention, when the instrument itself employs words of conveyance.

A graver question presented by the demurrer arises as follows:

Robert Christian, father of John B. and Mary C. Christian, and Mrs. Martha M. Mitchell, a married woman, were brother and sister, and, as tenants in common, owned the lands which are the subject of the present suit. Robert Christian was a married man and had children, John B. and Mary C. being two of them. In March, 1869, when the children were probably minors of tender years, Mrs. Martha M. Mitchell and her husband, on recited consideration of love and affection for the children of Robert Christian and Ella Christian, his wife, then, or thereafter to be born, conveyed her interest in the lands to Robert Christian, trustee. The conveyance is "Upon the following conditions and described terms: The said Robert Christian shall and may use and employ the interest and estate herein conveyed to him as trustee, in such manner as may seem to him best, for the benefit and interest of said children, free from all restraint or control to be exercised by them, or any of them, or by any other person; and should the said Robert deem it at any time advisable to dispose of, or sell the estate herein conveyed to him, he is fully authorized to make such sale, and to reinvest the proceeds thereof at his discretion for the benefit of his said children, taking such transfer, titles and conveyances, in his character of trustee, for any property so purchased, as may and shall effectually protect the said property in favor of his said children, against the claims and demands of all persons, growing out of his own individual debts and liabilities; and the better to [protect (?)] the said property, we hereby covenant with the said Robert to defend against ourselves and all other persons claiming under, by, or through us."

Robert Christian died in 1878, and we are not informed what use he made of the land during his life. It is nowhere averred or claimed that he at any time exercised the discre-

tionary power of disposition, vested in him by the deed of Mitchell and wife.

As we have shown, Mary C. Christian conveyed her interest in the lands to her brother John B. These were, each of them, over twenty-one years of age at that time. Subsequently, as we have seen, John B. Christian mortgaged the land to the appellee corporation; and having made default in the payment of the money borrowed, the present bill was filed to foreclose the mortgage. The bill, among other things, avers that when it was filed the other two surviving children of Robert and Ella Christian—co-beneficiaries in the Mitchell gift—had attained to their majority. The bill does not seek to fore-close as to these two latter interests. When the mortgage was executed they were still minors, and their disabilities had not been legally removed.

The bill charges that on petition filed, one Lambert was appointed by the register in Chancery in Perry County to the trusteeship under the Mitchell deed, made vacant by the death of Robert Christian in 1878. This appointment was made in January, 1889. It charges that the duties of the trustee expired at the latest when all the beneficiaries attained to lawful age, and that the trust then ceased, and merged into a legal title in the beneficiaries. The demurrer antagonizes this interpretation of the Mitchell deed, contends that the title to the lands is still held in trust, and that the mortgage to the American Freehold Land Mortgage Company, Limited, is invalid and inoperative. This is the graver question presented by the demurrer. The chancellor overruled the demurrer, and from that ruling the present appeal is prosecuted.

There can be no question that the discretionary power of sale conferred on Robert Christian by the Mitchell deed was a personal trust which he alone, and not any successor in the trust, could exercise. The power ceased at his death.—*Mitchell v. Spence*, 62 Ala. 450; *Robinson v. Allison*, 74 Ala. 254.

The other direction or power given by the deed to Robert Christian was "to use and employ the interest and estate herein conveyed to him as trustee, in such manner as may seem to him best, for the benefit and interest of his said children." Here, too, is an implication of confidence and trust in the trustee, which was manifestly entertained for him personally, and can not be extended in its larger sense, so as to take in any law-appointed successor. The wants of this case do not require us to be more specific in drawing the distinction between the powers the named trustee alone could have exercised, and those which could have been exercised by a successor.

[Christian v. Amer. Freehold Land Mort. Co.]

The question of interest in this case is, what was, or is the duration of the trust estate? Are the functions of a trustee still existent, or have they ceased to exist? In *Schaffer v. Lavretta*, 57 Ala. 14, it was said that "a trustee takes, ordinarily, no greater estate than is needed for the support of the trust which he is to administer." Quoting from Perry on Trusts, this court laid down two rules affecting the quantity and duration of a trust estate. "First, wherever a trust estate is created, a legal estate sufficient for the purpose of the trust, shall, if possible, be implied in the trustee, whatever may be the limitations in the instrument." The second rule declares that "although a legal estate may be limited to a trustee to the fullest extent as to him and his heirs, yet it shall not be carried farther than the complete execution of the trust requires." 1 Perry on Trusts, § 312. These disembarrassing rules of interpretation are some of the beneficent results of the statute of uses.—*Comby v. McMichael*, 19 Ala. 747; *Fox v. Storrs*, 75 Ala. 265; *Hill v. Jones*, 65 Ala. 214. See also 3 Brick. Dig. 788, §§ 89, *et seq.*

When Robert Christian died, some, if not all the children were minors. It may then have been necessary to have a trustee, "to use and employ" the estate conveyed for the "benefit and interest" of the children. When this bill was filed, however, all the children had become adult, and the trust estate, being no longer useful, had ceased to have any vital force.

Possibly, we have given this question unnecessary consideration. Before the mortgage was executed by John B. Christian, and before Mary C. Christian conveyed her interest to John B., each of them had attained to their majority. Each of them was then *sui juris.* They had, at least, a perfect equity in their several interests in the lands conveyed. What hindered that they should sell and transfer that interest? And what impediment does the Court of Chancery encounter, in utilizing that interest in the payment of the debt it was pledged to secure?

This case has been before in this Court. 89 Ala. 198. The decree of the Chancellor is affirmed.