# Goodyear Rubber Co. *v.* George D. Scott Co.

*Bill in Equity by Creditors of Insolvent Corporation, to have Transfer declared General Assignment.*

1. *Insolvent corporations; preferences in payment of debts.*—The transfer by a director and managing officer of an insolvent corporation, without authority of the board of directors, of all its property in consideration of a debt of the corporation for which he is liable as guarantor or indorser or joint maker of a note given therefor, is invalid as to other creditors, being in effect a preference of himself; and such transfer can have no other effect than to place the property in trust for the equal benefit of all the creditors of the corporation. (Mc-Clellan, J. dissenting.)

APPEAL from the City Court of Birmingham, in equity. Heard before the Hon. W. W. WILKERSON.

MOUNTJOY & TOMLINSON, and CABANISS & WEAKLEY, for appellant.—A corporation when insolvent can not prefer a creditor.—*Rouse v. Merchants National Bank*, 46 Ohio St. 493; 5 L. R. An. 370; *Huse v. Ames*, 104 Mo. 91; *Hutchinson v. Green*, 91 Mo. 367; *Corbett v. Woodward*, 5 Sawy. 103; 403; *Haywood v. Lincoln Lumber Co.* 64 Wis. 639; *Beach*

*v. Miller,* 17 Am. St. Rep. 291; *Richards v. Insurance Co·* 43 N. H. 263; *Sweeny v. Grape Sugar Co.* 8 Am. St. Rep· 88; *Lamb v. Laughlin,* 25 W. Va. 300. Even where the doctrine prevails that an insolvent corporation may prefer one creditor by an absolute sale of all its property in payment of a debt, such preference is not allowed, where the directors are personally liable on the debt.—*Lippencott v. Shaw,* 25 Fed. Rep. 586.

WARD & JOHN, *contra.*—An insolvent corporation can, as a natural person may, prefer a creditor by a transfer of property in payment of a debt.—4 Amer. & Eng. Encyc. of Law, 220; 2 Morawetz on Corp., § 802; Cook on Stock and Stockholders, 691; *Borgen v. Porpoise Co.,* 42 N. J. Eq. 397; *Wilkinson v. Beale,* 41 N. J. Eq. 635; *O'Conor Mining & M. Co. v. Coosa Furnace Co.,* 10 So. Rep.; *Thacher v. Globe Iron R. & C. Co.,* 87 Ala. 458; *Beach v. Miller,* 17 Am. St. Rep. 91. · It is held in many states that directors may prefer themselves.—17 Amer. & Eng. Ency. of Law, 122, 123; *Smith v. Skeary,* 47 Conn. 47; *Sargent v. Webster,* 13 Mete. (Mass.) 297; *Buell v. Buckingham,* 16 Iowa, 284; *Rollins v. Shaver Wagon, &c. Co.,* 20 Am. St. Rep. 427. The payment is not fraudulent because a director is surety for the debt paid. The debt is not his debt.—*County Court v. Baltimore, etc. R. C.,* 35 Fed. Rep. 161. The managing agents of a corporation are not trustees, strictly speaking. Their relations to the corporation and its stockholders are of a fiduciary character. The "trust fund" doctrine only means that the property of the corporation must be first appropriated to the payment of its debts before any portion of it can be distributed to stockholders. It does not invalidate preferences in the payment of debts.—*Fogg v. Blair,* 133 U. S. 534; *Hospes v. Northwestern M. &c. Co.,* 50 N. W. Rep. 1117; *Beach v. Miller,* 17 Am. St. Rep., Note, p. 298; *Memphis & Charleston Railroad Co. v. Woods,* 89 Ala. 630.

STONE, C. J.—The case made by the original bill is substantially as follows: The Goodyear Manufacturing Company and the George D. Scott Company were, each of them, private corporations. The former company is engaged in importing the material of which India Rubber is made, and manufacturing it into merchandise for sale. The business of the latter corporation was that of merchant tailoring, and it dealt in gentlemen's furnishing goods. The latter corporation became indebted to the former for merchandise purchased,—the indebtedness being due in August, 1890. The

present suit is a creditor's bill, instituted in December, 1891, and it is so framed as to let in other creditors, should they desire to join in the suit. It is charged in the original bill that the Geo. D. Scott Co. became indebted in greater amount than its assets, and was insolvent; and that "in November, 1891, it sold, transferred and delivered to the Alabama National Bank for the alleged consideration of $13,000 all of its stock of goods, wares and merchandise." The consideration was an alleged indebtedness of the Geo. D. Scott Co. to the bank for borrowed money. This conveyance left the Scott Co. without merchandise or means, and it ceased to carry on business.

It is nowhere charged in the pleadings that the recited consideration, thirteen thousand dollars, was not a real debt from the one corporation to the other. No charge of simulated debt, or other actual fraud is made. The precise ground on which relief was claimed in the original bill was and is, that the corporation had come to be unable to pay all its debts, was insolvent, and was going out of business, and that the assets of the corporation had thereby become a trust fund in the hands of the governing board of trustees, to be distributed and divided ratably among all the creditors of the insolvent corporation. The prayer of the original bill was, that the bank be declared and decreed a trustee of the merchandise and effects it had received from the Scott Co., for the *pro rata* benefit of all the creditors alike.

There was a demurrer to the original bill, assigning causes, of which the following is one of the specifications: 2. "The fact alleged in said bill of complaint that the defendant, the Geo. D. Scott Co., being an insolvent corporation and largely indebted at the time in excess of its assets, sold and delivered the property named in the complaint to its co-defendant, the Alabama National Bank, does not constitute such sale a general assignment for the benefit of all the creditors; or the said Alabama National Bank a trustee for such creditors."

In *Corey v. Wadsworth*, (in Mss.) we cited and collated many authorities, and reached the following conclusions: That the capital stock and assets of an insolvent corporation are, in a sense, a trust fund, of which the governing board are trustees for the benefit of the creditors, and that such governing board can not convey or assign such corporate assets in such manner as to secure to themselves, or to any member of their board, as a creditor of the insolvent corporation, a preference over the other creditors. This principle rests not alone on the fact that the assets are a trust

fund, of which they are the trustees. It is largely supported by the undue advantage the knowledge they necessarily have of the corporation's embarrassments will secure to them over outside creditors, and by the fact that in paying or securing themselves no antagonistic interest is represented. They deal with themselves, and are thus both seller and buyer. Transactions of this kind by any one filling a fiduciary relation are voidable, if seasonably objected to by the beneficiary.

We did not, however, go to the length of holding that directors of an insolvent corporation are so completely hampered by the trust relation they sustain, as to disable them from paying or securing some creditors, in preference to, and at the expense of others, to whom the corporation is indebted. The trust element of the relation they sustain to the assets, considered alone, points in this direction; and perhaps it would be the sounder policy if such were the rule. The very great weight of the authorities, however, is the other way, and we are not inclined to run counter to them.—*Globe Iron R. & C. Co. v. Thacher*, 87 Ala. 458; 2 Mor. Priv. Corp., § 802; Cook on Stock & Stockholders, § 691; 4 Amer. & Eng. Encyc. of Law, 220; *Catlin v. Eagle Bank*, 6 Conn. 233; *Savings Bank v. Bates*, 8 Conn. 505; *Dana v. Bank U. S.*, 5 Watts & S. 233; *Wilkinson v. Bancrle*, 41 N. J. Eq., 635; *State of Md. v. Pres. & Dir. Bank*, 6 Gill. & Johns. 205; *Ringo v. Biscoe*, 13 Ark. 563; 2 Wat. Corp., § 208; *Hospes v. Nor. Wes. Man'g. Co.*, 50 N. W. Rep. 1117. See also *Ashurst's App.* 60 Penn. St., 290; *Rouse v. Mer. National Bank*, 5 L. R. Annotated, 378.

Before any ruling was made on the demurrer to the original bill, complainants were permitted to amend, and a demurrer was interposed to the amendment. The amended bill charges "that said Geo. D. Scott was the manager and one of the officers of said Geo. D. Scott Co. That at the time of the sale aforesaid to the defendant Bank the said Geo. D. Scott was personally liable for said indebtedness of the said Geo. D. Scott Co. to the Alabama National Bank, having become liable therefor as guarantor, or indorser, or joint maker of a note or notes given therefor; that the said Geo. D. Scott, without any meeting of the board of directors of his company, or any participation or authority from them, turned over to the defendant Bank all the assets of said Scott Co. as aforesaid, in payment of said indebtedness in which he was interested, and for which he had become responsible, and was then personally responsible."

One ground of demurrer to the amended bill is, in sub-

[Goodyear Rubber Co. v. George D. Scott Co.]

stance, that the additional averments therein made do not give it equity. The City Court sustained the grounds of demurrer we have noted, and that ruling raises the question presented by this appeal.

It is nowhere charged in the bill or amendment that the corporation known as the "Geo. D. Scott Company" had a board of directors. But, being a private corporation, we suppose it had. The statute requires that they shall have such board, and we can not suppose this company disobeyed this statutory requirement.—Code of 1886, § 1665. The amended bill, as we have seen, charges that Scott alone conveyed to the bank, without the authority or sanction of the board of directors. If this be so, the sale did not vest a good title in the bank. Sales of that kind could be made only by the board of directors; and not every sale by them would be valid.—Cook on Stock and Stockholders, § 712; 1 Morawetz Corp., §§ 511-12-13; *Dana v. Bank U. S.,* 5 Watts & Serg. 223; Beach Priv. Corp., § 241.

But the amended bill charges, also, that Scott, equally with the corporation, was personally bound to the bank for the debt he attempted to pay by a sale of the corporation's assets; tha the was co-maker, indorser, or guarantor of the Geo. D. Scott Company's debt to the bank. A sale so made would, in effect, be making himself a preferred creditor of an insolvent corporation, and a director, or member of the governing board, is without authority to do that. *Corey v. Wadsworth, (Mss.); Gibson v. Trowbridge Furniture Co., ante* p. 357; *Birmingham M. & M. Co. v. Mut. Loan & Trust Co., ante* p. 364.

If the averments of the amended bill set forth the true facts, the sale or assignment of Scott to the Alabama National Bank can have no other effect than to place them in trust for the equal benefit of all the creditors of the insolvent corporation, the Geo. D. Scott Company.

To the extent the decretal order of the City Court conflicts with this opinion, it must be reversed.

Reversed and remanded.

McCLELLAN, J., dissenting.