(85 South. 505)
**SEEBERG v. NORVILLE et al.** (I Div. 126.)

(Supreme Court of Alabama. Jan. 22, 1920.)

**I. Principal and agent ⬅⮞48—Agent required to exercise authority for principal's benefit.**

It is agent's duty to act in matters touching the agency with due regard to the interest of his principal, since in accepting the agency he impliedly undertakes to give principal his best care and judgment, and to use the power conferred upon him for the sole benefit of principal consistent with the purpose of the agency.

**2. Powers ⬅⮞13—Trusts ⬅⮞60—Cannot continue beyond period of purposes for which created.**

Powers and trusts cannot continue beyond the period of the purposes for which they are created.

**3. Principal and agent ⬅⮞31, 151(2)—Power extinguished by accomplishment of purpose.**

Where debtor executed power of attorney to convey land for the payment of the debt, the extinguishment of the debt before the exercise of the power operated to extinguish the power, and if the purchaser had notice of the lapse of the power, or the circumstances were such as to charge him with notice, he is not a bona fide purchaser.

**4. Principal and agent ⬅⮞151(2)—Purchaser not bona fide, in view of facts putting him on inquiry as to termination of authority.**

Where a debtor executed a power of attorney to convey his property for payment of debt, on creditor's request, and power was exercised

more than five years after the granting of the power, after debtor had paid debt and been continuously in possession of the land as owner, the purchaser, who paid only about one-seventh of its real value, though he had knowledge of actual value, *held* not a bona fide purchaser; the facts being sufficient to put him on inquiry as to whether debt had been paid.

**5. Powers ⬅⮞32—Power to convey on written consent of specified person must be executed by such person joining in conveyance or certifying consent thereon.**

Where debtor executed power to third person to convey land on written request of creditor for purpose of paying debt, it was necessary, under Code 1907, § 3434, that creditor join in conveyance, or that he certify his consent thereon; such power not being a simple power of attorney, and therefore not within the exception made by section 3440.

**6. Quieting title ⬅⮞7(3)—Deed invalid on face not cloud on title.**

Where deed recited that it was executed pursuant to power of attorney, which required written consent of certain person as a condition to its exercise, but such person neither joined in the conveyance nor certified his consent thereon, as required by Code 1907, § 3434, the deed was invalid on its face, and therefore did not constitute a cloud on grantor's title.

**7. Quieting title ⬅⮞34(I)—Bill held sufficient.**

Bill to quiet title, dated April 27th, averring that complainant was in the actual possession of the lands, claiming them as owner, and exercising acts of ownership over them, on February 19th, the date of the execution of certain deed, that respondent held deed and on the faith thereof had executed a mortgage to a correspondent, that both deed and mortgage had been entered of record, and that no steps had been taken by respondent to acquire possession from complainant, *held* sufficient, under Code 1907, § 5443; it being a necessary inference that complainant was in possession at time of filing bill, and that no suit was pending to test respondents' rights.

Appeal from Circuit Court, Mobile County; Claud A. Grayson, Judge.

Bill by Rolf Seeberg against Peyton Norville and others to set aside a mortgage executed by Norville to Mrs. Kelly, to require a reconveyance by Norville to Seeberg, and to hold them both as trustees. From a decree sustaining demurrers to the bill, complainant appeals. Reversed, rendered, and remanded.

D. B. Cobbs, of Mobile, for appellant.

Whatever form instruments may take, they are mortgages, if mutually intended to secure debt. 78 Ala. 351; 85 Ala. 80, 4 South. 745; 100 Ala. 326, 13 South. 948, 46 Am. St. Rep. 56; 159 Ala. 227, 49 South. 243; 101 U. S. 317, 25 L. Ed. 999. The power of attorney was but a mortgage, and its conditions must be strictly complied with. 18 A. & E. Ency. 937; 100 N. C. 316, 6 S. E. 122; 9 Ir. Eq. Rep. 233; 82 Ala. 601, 2

─────────────

South. 327, 60 Am. Rep. 769. One claiming under the execution of a power must show compliance with all requirements. 62 Ala. 290, 34 Am. Rep. 15. The amendments met the deficiencies pointed out on the first appeal. 67 Ala. 12; 69 Ala. 212; 70 Ala. 326; 10 How. 174, 13 L. Ed. 376; 78 Ill. 553.

Gaillard, Mahorner & Arnold, of Mobile, for appellees.

In the absence of direct allegation of fraudulent intent, the court will presume good faith. 202 Ala. 417, 80 South. 621; 13 N. Y. 382. Fraud is never presumed or imputed. 26 Ala. 443; 192 Ala. 316, 68 South. 1907, have no application to the simple power and in strict compliance therewith. Section 5746, Code 1907; 202 Ala. 417, 80 South. 621. The provisions of section 3434, Code 1907, have no application to the simple power of attorney; but, if they should apply in this case, the deed itself shows that the same was executed in strict conformity. Section 3440, Code 1907; 202 Ala. 417, 80 South. 621. Property is usually worth what it brings. 200 Ala. 27, 75 South. 339; 202 Ala. 417, 80 South. 621.

BROWN, J. This is the second appeal in this case; this appeal, like the former, being from an interlocutory decree of the circuit court sustaining demurrers to the bill. On the former appeal it was held, in the absence of averments showing fraud on the part of Mitchell, participated in by the respondent Norville, the bill was without equity; but it appearing that the bill might be so amended as to give it equity, while the decree sustaining the demurrers was affirmed, the time granted by the decree for amending the bill was extended for 30 days. Seeberg v. Norville et al., 202 Ala. 417, 80 South. 621.

Briefly stated, the facts presented by the bill as subsequently amended are these: The complainant being indebted to N. A. Andresen & Co., of Christiania, Norway, in a sum in excess of the value of the property described in the bill, and of which the complainant was then seized and possessed, and complainant desiring to leave Mobile, where he then resided, and at the same time so arrange that the property could be sold on request of his creditor, and the proceeds of the sale applied on the debt, he on the 14th day of June, 1912, executed to one John E. Mitchell a power of attorney, which, omitting the caption and the description of the property, is in the following words:

"For value received, we, Rolf Seeberg and Cecelia Seeberg, his wife, do hereby constitute and appoint John E. Mitchell, Esq., of Mobile, Alabama, our irrevocable attorney in fact, with full power and authority in our names and behalf to bargain, sell, transfer, and convey to any person or corporation whatever and for such sum as he may obtain therefor, the following described lands situated in the city and county of Mobile and state of Alabama: [Description of property omitted.] And the title purporting to be conveyed by our said attorney in fact, the said Rolf Seeberg does hereby fully warrant and will defend against all lawful claims: Provided, however, that no conveyance shall be executed by our said attorney in fact without a written request to him from said N. A. Andresen & Co., of Christiania, Norway, to such effect. All expenses of sale, including a reasonable attorney's fee, recording fees, and payment of taxes, assessments, and other liens against said property, shall be paid by our said attorney in fact out of the proceeds of sale, and the balance thereof shall be paid over by him to the said N. A. Andresen & Co.

"In witness whereof we have hereunto set our hands this 14th day of June, 1912."

On the 19th day of February, 1918, 5 years and 6 months after execution of the power of attorney, Mitchell, for a consideration of $600, by deed reciting, "This conveyance is made under and by virtue of that certain power of attorney from Rolf Seeberg and wife to John E. Mitchell, dated the 14th day of June, 1912, and the written consent of N. A. Andresen & Co. attached to said power of attorney, and said power of attorney and written request being recorded in Miscellaneous Book 10, page 415, in the office of the judge of probate aforesaid," sold and conveyed the property in controversy, which the bill alleges was then worth from $4,000 to $5,000, to the respondent Norville, who borrowed from the respondent Kelly $500 to be used in the payment of the purchase money to Mitchell, and to secure which Norville executed a mortgage on the property to Kelly.

During the time intervening between the granting of the power to Mitchell and his attempted execution thereof, the debt to Andresen & Co. was paid in full. After stating these facts, the bill avers:

"Complainant shows that before, at, and after the time when said agent made the said attempted deed herein mentioned there were persons in Mobile and Mobile county ready, able, and willing to buy said property at a much larger price than said agent obtained, and that said agent, if he had used the care and diligence which his relation to complainant under said power of attorney required of him, could have obtained a price for said property which was much larger than the price he got, and one not greatly less than the fair and reasonable market value of said property described in said power; at the time of said attempted deed that said agent knew, or by the exercise of reasonable diligence could have known, and said agent did know, when he had his negotiations with said Norville that the price of six hundred ($600) dollars would be and was, and in fact it was, a gross and unconscionable sacrifice price to accept for the property described in said power, a grievous wrong to complainant, all of which said Norville knew at the time of his negotiations and of the attempted sale, and said agent and said Norville conspired together to sacrifice in the manner herein stated the interest of complainant in the property described

in said power of attorney, by the attempted sale and purchase thereof and attempted deed as herein stated.

"Complainant further shows that it was the mutual purpose and intention of agent and said Norville to throw away and sacrifice in that way complainant's interest, by selling and buying the property described in the power of attorney for said inadequate and unconscionable consideration. Said Norville knew and said agent knew that said property was fairly and reasonably worth, and it was in fact fairly and reasonably worth, to wit, four thousand ($4,000) dollars when said negotiations to sell and buy were had, and they knew that complainant, if consulted, would not have let it go at the price said agent did obtain, and by collusion between them, for the purpose of defrauding complainant by making a sacrifice of said property as stated above, they agreed to sell and buy the same at said unconscionable price of six hundred ($600) dollars, and with the intention on the part of each to make an' unconscionable sacrifice of the property described in said power, when said Norville knew that it was the duty of said agent to complainant to obtain a price for the property described in the power which would be not greatly less than its fair and reasonable market value at that time. And said agent with the intent to make a gross and unconscionable sacrifice of said property, and in violation of his fiduciary duty to said complainant under said circumstances, and under said power of attorney, agreed with said Norville to so sacrifice said property to him, and said Norville, knowing said duty existed, and with intent to join said agent in said violation of his said fiduciary duty, agreed to so buy the property at said sacrifice price, and the two of them participated in the violation by said agent of his said duty to complainant, by attempting to carry out said agreement, and by making said sale and said attempted deed for said grossly and unconscionably inadequate price.

"Complainant further shows that, when the negotiations were had and the sale made as herein stated, complainant owned the right of way described in said attempted deed in addition to the property described in said power of attorney. And it was but a part of said intent on the part of said agent and said Norville to grossly and unconsciionably sacrifice complainant's interest in the property described in the power of attorney that said right of way was included in said attempted deed. Said agent and said Norville had no communication with complainant about said property or said negotiations for a sale of it, or of any part of it, and complainant was not informed of the intention of either of them concerning said negotiations or sale, and they purposely refrained from having any communications with complainant concerning their said negotiations and intentions to sell or buy, and complainant was in total ignorance thereof until some time after said attempted deed had been made and recorded, and they refrained therefrom to the end that said agent might sell and said Norville might buy at the price stated herein, notwithstanding they both knew, as was the fact, that complainant had returned to Mobile, and at the time of said negotiations and sale was residing there, and was accessible to each of them.

"Complainant further shows that, after said power of attorney had been executed, he ceased after a time to make any payments to said N. A. Andresen & Co. upon said former indebtedness to them, and stated to them, through their agents, and it was a fact, that he owed them nothing further, and such was the fact before and when said attempted deed was made. He owed them nothing when said attempted deed was made. For years before said attempted deed was made they had ceased trying to collect anything further from complainant, or to enforce payment of anything further from him, and said power of attorney was not placed on record until just about the time said attempted deed was made thereunder, and was placed on record by said Norville or Mitchell, and not by N. A. Andresen & Co. In the meantime complainant continued in possession of said property, claiming the same as his and paying taxes thereon, and in a multitude of his affairs and business transactions the fact that he had executed in said former years said power of attorney had escaped his memory, and for that reason and because of his ignorance of the intention of said agent and said Norville to effectuate said sale, but feeling entirely secure, did not seek to prevent the sale."

While "the common law does not define fraud, but perhaps asserts as a principle that there shall be no definition" (Lehman-Durr Co. v. Shackleford, 50 Ala. 437; 3 Brickell's Digest 508, § 6), yet it has been announced from this bench that "fraud consists in acts, or omissions to act, which involve a breach of legal duty, trust, or confidence, which are injurious to the party complaining" (Kennedy's Heirs v. Kennedy's Heirs, 2 Ala. 571; 3 Brickell's Digest 508, § 5); and "it will vitiate any, even the most solemn transaction; and an asserted title founded thereon is utterly void" (3 Brickell's Digest 507, § 1; Eslava v. Eslava, 50 Ala. 32; Lehman-Durr Co. v. Shackleford, supra; Humphreys v. Burleson, 72 Ala. 1).

[1] It is the unquestionable duty of an agent to act in matters touching the agency with due regard to the interest of his principal. In accepting the agency, he impliedly undertakes to give his principal his best care and judgment, and to use the power conferred upon him for the sole benefit of his principal consistent with the purpose of the agency. Bowdon Lime Works v. Moss, 14 Ala. App. 433, 70 South. 292; Corey v. Wadsworth, 99 Ala. 68, 11 South. 350, 23 L. R. A. 618, 42 Am. St. Rep. 29; Goodyear, etc., Co. v. George D. Scott Co., 96 Ala. 439, 11 South. 370; Price v. Keyes et al., 62 N. Y. 378; 21 R. C. L. pp. 824, 825, §§ 9, 10.

[2, 3] The purpose of the power granted to Mitchell by the complainant was to provide for the sale of the property for the purpose of paying the debt due Andresen & Co., when Andresen & Co. saw fit to enforce the payment in this way, and the effect of the transaction was to create a trust. It is a well-recognized general principle of law that powers or trusts cannot continue beyond the pe-

riod of the purposes for which they are created. Fox v. Storrs, 75 Ala. 265; 31 Cyc. 1053, § 5; Smyth v. Taylor, 21 Ill. 296; 21 R. C. L. 808, 809, §§ 43–45. The power here being granted for the purpose of providing for the payment of the debt, the extinguishment of the debt before the exercise of the power operated to extinguish the power, and if the purchaser had notice of the lapse of the power, or the circumstances were such as to charge him with notice, he could not be said to be a bona fide purchaser.

[4] The averments of the bill show that something over 5 years and 6 months elapsed between the granting of the power to Mitchell and its attempted execution, and in the meantime complainant was in possession of the land, paying the taxes thereon, and exercising acts of ownership over it; that the property was worth from $4,000 to $5,000—the latter fact being known to the respondent Norville, who was in the real estate business in Mobile. These facts, taken in connection with the fact that Mitchell offered the lands for $600, or about one-seventh of their real value, were sufficient to put the respondent on inquiry which, if followed up, would have brought knowledge to him that the debt to Andresen & Co. had been paid, and therefore that the power granted to Mitchell had lapsed. Harris et al. v. Carter, Adm'r, et al., 3 Stew. 233; Fenno v. Sayre, 3 Ala. 458 (471); Scroggins v. McDougald, 8 Ala. 382; Brunson v. Brooks, 68 Ala. 251; McCarthy v. Nicrosi, 72 Ala. 332, 47 Am. Rep. 418; Alexander v. Fountain, 195 Ala. 3, 70 South. 669.

[5] The bill as amended clearly meets the objections pointed out by the demurrers considered on the former appeal; and the demurrers to the bill as amended were erroneously sustained, unless the matters now to be considered deprive it of equity. Manifestly the power granted by the Seebergs to Mitchell is not "a simple power of attorney to convey land in the name of and for the benefit of the owner," and is therefore not within the exception made by section 3440 of the Code (1907).

The writing here presented is the grant of power to sell and convey for the benefit of a third person, whose consent to its exercise is, by the terms of the grant, required to be expressed, and is clearly within the influence of section 3434 of the Code; and it was essential to the efficacious execution of the power, so as to pass the legal title to the property, that this consent be expressed either in the conveyance itself, in which case it is necessary that the conveyance be signed by the person whose consent is required, or that it be certified in writing on the conveyance, and the certificate signed by said person, so that the conveyance itself shall carry unmistakable evidence of the efficacious execution of the power. March v. England, 65 Ala. 275; Gindrat v. Montgomery Gaslight Co., 82 Ala. 596, 2 South. 327, 60 Am. Rep. 769; Hood v. Powell, 73 Ala. 171; 31 Cyc. 1132, 1133, § 2; 21 R. C. L. 782, § 11.

[6] The deed exhibited to the bill was not so executed, nor is the consent of Andresen & Co. certified thereon as required by the statute [section 3434, Code 1907]. The deed executed by Mitchell carries on its face evidence of its invalidity by the recital heretofore quoted, and does not constitute a cloud on the complainant's title. Rea v. Longstreet, 54 Ala. 291; Bell v. McLaughlin, 183 Ala. 548, 62 South. 798; 11 Michie, Encyc. Dig. 240, § 6 (3); 3 Brickell's Dig. 355, § 344.

Therefore the only theory on which the equity of the bill can be sustained is as a bill under the statute to quiet title, and to maintain it as such the complainant must aver and prove that at the time it was filed he was in peaceable possession of the land, actual or constructive, claiming to own the same in his own right, and that his title thereto, or some part thereof, is denied or disputed, or that respondent claims or is reputed to own the same or an interest therein, and that no suit is pending to enforce or test the validity of such claim or incumbrance. Code 1907, § 5443.

[7] While these facts do not appear by affirmative averments, yet the averments of the bill show that the complainant was in the actual possession of the lands, claiming them as his, and exercising acts of ownership over them, on the date of the execution of the deed (February 19, 1918), and the bill was filed April 27, 1918.

It is further averred that, while the respondent Norville holds said deed, and on the faith thereof has executed a mortgage to Kelly, both of which have been entered of record, the said Norville has taken no steps to acquire possession. The necessary inference from these averments is that the complainant was in possession at the time of filing the bill, and that no suit is pending to test respondents' rights. Therefore the general demurrer for want of equity was not well taken, and should have been overruled, and the respondents put to more specific demurrer. McDuffie v. Lynchburg Shoe Co., 178 Ala. 271, 59 South. 567; Shannon v. Long, 180 Ala. 128, 60 South. 273; Whiteman v. Taber, 203 Ala. 496, 83 South. 595.

The circuit court erred in sustaining the demurrers to the bill as amended, and the decree is reversed, and one here rendered overruling the demurrers, and remanding the case for further proceedings.

Reversed, rendered, and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.