## GEORGE A. CUSHING *vs.* SAMUEL W. MARSTON.

One partner cannot maintain an action to recover a debt due to the firm, although he agreed to be responsible to the other partner for the payment of the debt; there having been no settlement between the partners making the claim a separate one.

THIS case came to this court from the court of common pleas, upon the rulings of *Perkins*, J., who signed this bill of exceptions:

" This was an action of assumpsit for board. The plaintiff called one witness, who testified, in substance, that he and the plaintiff kept an eating and lodging-house, as partners, at San Francisco; that the defendant came to their house to obtain board; that the witness was unwilling to take him as a boarder, and at first refused to do so; but that the plaintiff stated, that witness should not suffer any loss, but he himself would be responsible; and upon this, the defendant was taken into their establishment to board, was fed and lodged as other boarders were, out of their joint provisions, and in their joint establishment, the witness and the plaintiff being partners; that the witness and his partner, the plaintiff, had settled their joint accounts, but whether, in their settlement, any account had been made or kept respecting the matter in controversy, or anything had been paid to him by the plaintiff therefor, the witness did not know. The witness did not understand himself to have any claim against the defendant. The plaintiff here rested his case.

" Upon these facts, the defendant claimed that the matter sued for, being board, was a partnership transaction, and that the other partner, to wit, the witness, should have been joined. And the court ruled that, upon these facts being taken as true, the claim being for the board of the defendant, the suit should have been in the joint names of the witness and the plaintiff; and thereupon the plaintiff consented to a verdict for the defendant upon his exceptions to the above ruling, which exceptions he now takes, and asks that it may be allowed."

*F. A. Kingsbury*, for the plaintiff. The contract was made

with the plaintiff by the defendant, in the presence and with the assent of the partner, the witness. One partner may sue in his own name upon a contract made with him, although the subject-matter of the suit grow out of the disposal of the partnership funds. Collyer on Part. §§ 660, 661. Also, where the copartnership is dissolved, and the joint affairs set-tled up, and the joint accounts assigned to each, one partner to whom a demand is assigned, may sue in his own name thereon. Collyer on Part. § 658.

*E. F. Hall,* for the defendant. The contract was made with the plaintiff, and the witness was his partner at the time. In an action to enforce a contract with a firm, all who were partners at the time must join as plaintiffs. Collyer on Part. §§ 649, 667; *Halliday* v. *Doggett,* 6 Pick. 359. An agree-ment between partners cannot vary their right of action against third persons. Collyer on Part. § 656.

By THE COURT. The contract of the defendant for board was made with the partners, who kept the lodging-house jointly; the payment for it was therefore a debt due to both jointly. The action, therefore, could not, by law, be brought and maintained by one only. *Halliday* v. *Doggett,* 6 Pick. 359. The most which the testimony of the witness tends to establish is, that the plaintiff agreed to guarantee the firm against any loss on the joint debt thus to be contracted by the defendant for his board. There had been no settlement of the partnership accounts, in which they had treated the amount owed by the defendant for board as a separate debt due to the plaintiff. *Exceptions overruled.*