# Cawthon v. A. Lusk & Co.

### Action for Breach of Contract of Sale.

1. *Authority of agent.*—When a commercial agency is created without limitation on the agent's authority, it is presumed that he has authority to act in accordance with the known usages of the business in the place where he is acting for his principal.

2. *Parol evidence to interpret writing.*—Parol evidence of the custom of trade, is admissible for the purpose of interpreting the written authority of a commercial agent.

3. *Construction of agent's authority.*—Although the general authority of an agent limited his power to sales to be confirmed by his principal, yet, when in reply to a telegram from the agent, the principal merely states the price, such telegram is authority for a completed sale at that price when there is a custom of the trade to that effect.

4. *Measure of damages.*—The measure of damages for breach of a contract to sell goods at a distant point, is the difference in the contract price, transportation added, and the market price at the place to which they were to be shipped, at the time of delivery.

[Cawthon v. A. Lusk & Co.]

APPEAL from City Court of Birmingham.
Tried before Hon. W. W. WILKERSON.

BEN CARTER, for appellants, cited Story on Agency, § 126;
*Butler v. Maples,* 9 Wall. 766; *Lister v. Allen,* 100 Am. Dec.
78; *Johnson v. Jones,* 4 Barb. 368; 2 L. R. A. 824; Wharton's
Agency, § 153; *Whilden v. Bank,* 64 Ala. 1; *Golding v. Mer-
chant,* 43 Ala. 705; *Wheeler v. McGuire,* 86 Ala. 398; 104
Mass. 167; 2 L. R. A. 824; 65 Iowa 67; *Hopwood v. Carbin,*
63 Iowa 218; *Mann v. Laws,* 117 Mass. 293.

BUSH & BROWN, for appellees.    No brief on file.

HEAD, J.—The action is brought by appellants to re-
cover damages for the breach of an agreement for the sale of
eight hundred sacks of dried grapes made by Stollenwerck
& Co. as agents of defendants.    The case was tried by the
City Court without a jury, and judgment rendered for de-
fendants.    The sale of the grapes by Stollenwerk & Co. at
three and a half cents per pound f. o. b. to be delivered in
September and October following, and that the intention and
understanding of these parties was, that the sale was a final-
ity; also, that defendants refused to deliver the grapes, are
uncontroverted facts.    The only disputed question of fact
relates to the authority of Stollenwerck & Co. to bind defend-
ants by the contract of sale, without first submitting it for
their acceptance or rejection.

Defendants, who reside and are doing business in Califor-
nia, while conceding that Stollenwerck & Co. are their
agents or brokers in Birmingham, Alabama, to sell dried
fruits, claim that they were only authorized to make con-
tracts of sale subject to confirmation.    That such is the
nature and extent of their general authority as shown by the
letter of instructions, dated July 9, 1890, sent by defendants
to them, and by the general custom of trade, of which, plain-
tiffs, having been engaged in the same business in Birming-
ham for several years, are chargeable with notice.

The question then arises, whether authority, express or
implied, was subsequently conferred to sell the grapes at
three and a half cents per pound?    Plaintiffs claim that
such authority is implied from a telegram sent by defend-
ants to Stollenwerck & Co. when interpreted by the custom
and usages of the trade.

The law presumes that when a commercial agency is to be
exercised, in the absence of limitation or prohibition, it is
to be conducted in the mode authorized and justified by the

customs and usages of such trade or business. In *Guesnard v. L. & N. R. R. Co.*, 76 Ala. 453, this doctrine is asserted as follows: "Where a mercantile agency is to be executed at a particular place, the principal who employs the agent is presumed to consent that he may execute it, in the absence of particular instructions, according to the general custom and usages relating to that kind of trade or business, whatever it may be. The law implies that he gives his consent for his agent to act as all other similar agents, who are honest and diligent, are accustomed to do. And it is immaterial, as a general rule, whether the principal is informed as to such customs and usages or not." It is true, that when an agency is created by a written instrument, the nature and extent of the authority must be ascertained from the instrument itself, and can not be enlarged by parol proof. This rule is not violated by the admission of proof of the usages of trade; they are admitted not for the purpose of enlarging, but of interpreting the powers actually given. Says Judge Story: "The known usages of trade and business often become the true exponents of the nature and extent of an implied authority."—Story on Agency, § 96; *Wheeler v. McGuire*, 86 Ala. 398.

The telegram referred to was sent by defendants to Stollenwerck & Co. July 18, 1890, and is as follows: "Can not offer dried grapes below $3\frac{1}{2}$ f. o. b., have advanced to $3\frac{3}{4}$." This telegram was in response to one sent by Stollenwerck & Co. to defendants, the day before, of which the following is a copy: "Ormsby offering dried grapes 4.70, can't you let us meet that price?" The evidence shows a custom or usuage of the trade to the effect that a telegram sent by the principal to the broker giving a price, without any stipulation in the telegram that sales made at such price shall be subject to confirmation by the principal, is authority to the broker to sell finally and unconditionally at that price, no matter what the prior instructions were. This custom is testified to by two witnesses, whose testimony is uncontradicted. True, Isadore Jacobs, who represents defendants, testifies, "none of our letters or telegrams to Stollenwerck & Co. instructed them to sell dried grapes, our instructions being to take orders for dried grapes subject to confirmation, and even if letters or telegrams had been sent instructing brokers to sell, it would be understood that they could only sell subject to confirmation unless specially stated, you may sell without confirmation." It will be observed that the witness does not deny the existence of the custom, but only testifies to the private understanding between defend-

[Gamble, Adm'r, v. Kellum.]

ants and their brokers. Such private understanding is not binding on plaintiffs unless communicated to them. There is no pretense that it was communicated; on the contrary, the evidence shows that the telegram of July 18, 1890, was shown to plaintiffs as Stollenwerck & Co's authority to make a final and unconditional sale. We find from the evidence that there was such custom. Considering the telegram in connection with the one to which it was a response, it might well be contended without reference to the custom that it was, at least, implied authority to sell dried grapes at three and a half cents per pound f. o. b. But it is not necessary to so find. There being no instruction or stipulation in the telegram that sales at that price are subject to confirmation, Stollenwerck & Co. were thereby authorized under the custom to sell finally and unconditionally the grapes to plaintiffs; and defendants are bound by the contract of sale to the same extent as if they had sold the grapes.—*Herring v. Skaggs*, 62 Ala. 180.

The measure of damages is the difference between the price, which plaintiffs agreed to pay for the grapes, including cost of transportation to Birmingham, and the market price at Birmingham at the time of delivery, with interest. Under the evidence, we assess the plaintiffs' damages at the sum of nine hundred and forty-five dollars.

The judgment of the City Court is reversed, and a judgment will be entered in this court in favor of the plaintiffs for said sum of nine hundred and forty-five dollars, together with the costs in this court and the City Court.

This opinion, except as to assessment of damages, was prepared by the late Justice Clopton.

Reversed and rendered.