[Tallapoosa County Bank v. Salmon.]

# Tallapoosa County Bank *v.* Salmon.

## *Assumpsit.*

(Decided April 6, 1915.   Rehearing denied May 11, 1915.
68 South. 542.)

1. *Parties; Partnership; Non-joinder.*—Where a general deposit of funds in a bank was made in the name of a partnership, an individual partner could not sue in his individual capacity to recover it, and the defense of non-joinder of the other partners could be taken advantage of under the plea of the general issue.

2. *Partnership; Suit by Individual; Evidence.*—Where the action was by an individual to recover money deposited by him generally in a bank in the name of a firm, letters written by the plaintiff containing admissions that a third person had an interest in the business, were admissible to show the existence of such partnership.

3. *Pleading; Written Instruments; Denial of Execution.*—A suit to recover a general bank deposit was not on an instrument in writing within the purview of section 3967, Code 1907; such section having no application to suits on running accounts.

4. *Appeal and Error; Harmless Error; Pleading.*—Where the general issue is pleaded, and the defense asserted by the special plea is available under the general issue, it is harmless error to sustain demurrers to such special plea.

5. *Banks and Banking; General Deposit.*—A general deposit of money in a bank creates the relation of creditor and debtor between the depositor and the bank.

6. *Same; Partnership; Individual Partner.*—Where the deposit was in the name of a firm that fact was prima facie evidence of the relation of creditor and debtor between the bank and such firm, and an individual suing to recover such deposit as his has the burden to show that he used that name in his individual business, and that the funds so deposited were his individual property.

7. *Assignments; Banks; Equitable; Partnership Deposit.*—Where a general deposit was made in the name of a firm, plaintiff, a member of such firm, could not create the relation of debtor and creditor between himself and the bank by drawing a check in the firm name, payable to himself, and presenting it for payment, unless such bank accepted it, or certified it; the drawing of such check and its presentation did not work an equitable assignment of such deposit.

8. *Judgment; Res Judicata; Persons Bound.*—In an action by an individual against the bank to recover a general deposit made under a firm name, the judgment in a suit between such individual and one claiming to have been a partner with him in the business, did not work an estoppel between the parties on the issue whether a partnership existed, as the bank was not a party to the former suit, and one who is not bound by a judgment cannot set it up against another as an estoppel.

APPEAL from Tallapoosa Circuit Court.

Heard before Hon. S. L. BREWER.

Action by F. A. Salmon against the Tallapoosa County Bank to recover a general deposit, made in the name of a firm. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

BRIDGES & OLIVER, for appellant. A partnership is an entity, and the legal title to its property resides in the partnership and not in the individuals composing the firm.—*Gossett v. Morrow,* 58 South. 799; *Salmon v. Salmon,* 60 South. 837. All partners must join in an action for debt or a demand due to the partnership.—*Allen v. White,* Minor 368; *Jones v. Blair,* 57 Ala. 457; *Drennen v. Gilmore,* 132 Ala. 246. As to the constituents elements of estoppel by conduct, see *Troy v. Rodgers,* 113 Ala. 131; 3 Words and Phrases, 2498. The original papers in the chancery suit were competent evidence, it not appearing that the final record had been made up.— *Williams v. The State,* 68 Ala. 551; *Stevenson v. Moody,* 85 Ala. 33; *Campbell v. Hughes,* 155 Ala. 591.

JAMES W. STROTHER, for appellee. It is a sound rule of pleading that matter which goes to the complete justification of the charge must be pleaded specially.—*Daniel v. Hardwick,* 88 Ala. 559, 2 Greenleaf, § 274. Certainly plaintiff's ownership cannot be denied unless put in issue by plea verified by affidavit.—*Hirshfelder v. Mitchel,* 54 Ala. 419. The plaintiff had the right to maintain the action and recover the money.—*Yerby v. Sexton,* 48 Ala. 511; *Hirshfelder v. Mitchel, supra.*

BROWN, J.—By a general deposit of money in bank the money becomes the property of the bank, and the relation of creditor and debtor between the depositor and the bank is created.—*Clisby v. Mastin,* 150 Ala. 133, 43

South. 742, 124 Am. St. Rep. 64; *Alston v. State,* 92 Ala. 124; *Ex parte Jones,* 77 Ala. 330; *Henry v. North Bank of Alabama,* 63 Ala. 527; Daniel on Negotiable Inst., §§ 1637-1641.

The appellant in this case does not deny that it was indebted to "R. V. Salmon's Son," in whose name general deposits had been made; but the only litigated question is whether appellee used "R. V. Salmon's Son" as a trading name in the conduct of a drug business of which he was sole owner, and made deposits of his own money in that name, or whether R. V. Salmon's Son was a partnership composed of appellee and A. J. Salmon. If the first category is true, the plaintiff was entitled to recover; if the latter was true, he was not.

If the indebtedness was due R. V. Salmon's Son, a partnership, although the plaintiff was a member of the firm, he could not maintain an action in his individual name to recover on it.—*Allen v. White,* Minor, 365; *Roberts v. Heim,* 27 Ala. 678; *Jones v. Blair,* 57 Ala. 457; *Drennen v. Gilmore,* 132 Ala. 246, 31 South. 90, 90 Am. St. Rep. 902; *Fancher Bros. v. Bibb Furniture Co.,* 80 Ala. 481, 2 South. 268; *Cushing v. Marston,* 66 Mass. (12 Cush.) 431; *Hacker v. Johnston,* 66 Me. 21; 30 Cyc. 556 (b). This defense, which is but a denial of the defendant's liability to the plaintiff in this action, can be shown under the general issue.—*Lunsford v. Walker,* 93 Ala. 36, 8 South. 386; *Roberts v. Heim, supra; Bessemer Savings Bank v. Anderson,* 134 Ala. 343, 32 South. 716, 92 Am. St. Rep. 38. Therefore if there was error in the action of the court in sustaining the plaintiff's demurrer to the defendant's special pleas, it was without injury.— *Bessierre v. A. G. S. R. R. Co.,* 179 Ala. 317, 60 South. 82; *Black v. Smith,* 179 Ala. 397, 60 South. 154.

This suit is not on "an instrument in writing," within the meaning of section 3697 of the Code, and that

section has no application to suits on open or running accounts. Neither does the defense relied on by the defendant involve a denial "of the capacity in which the plaintiff sues." The plaintiff sues in his individual capacity, and the defense is that the defendant owes him nothing.

The deposit in the name of R. V. Salmon's Son was prima facie proof of the relation of creditor and debtor between the bank and the depositor.—*Bessemer Savings Bank v. Anderson, supra.* The burden was upon plaintiff to show that he used that name in his business and that the funds deposited in that name were his individual property. If in fact R. V. Salmon's Son was a partnership, although the plaintiff was a member of that firm, he could not create the relation of creditor and debtor between himself and the bank by drawing a check in the firm name payable to himself and presenting it for payment, unless the check was accepted by the bank or was certified to by it; nor would the drawing of such check and its presentation to the bank constitute an equitable assignment of the deposit.—*National Commercial Bank v. Miller & Co.,* 77 Ala. 168, 54 Am. Rep. 50; 6 Mayf. Dig. 72, § 12. The result is that the trial court erred in denying to the defendant the right to show that R. V. Salmon's Son was a partnership composed of the plaintiff and A. J. Salmon and in giving the affirmative charge in favor of the plaintiff. On another trial, the letters written by the plaintiff, containing admissions that A. J. Salmon had an interest in the drug business, and any other evidence pertinent to this question, should be received.

The proceedings of the chancery court in the case of F. A. Salmon against A. J. Salmon are in personam, and cannot operate as an estoppel between the bank,

[Neal, et al. v. Watkins.]

which is not a party to them, and the plaintiff. A person who is not bound by a judgment cannot set it up against another as an estoppel.—*Gwynn v. Hamilton,* 29 Ala. 233; *Holland v. Fairbanks-Morse & Co.,* 166 Ala. 198, 51 South. 931; 16 Cyc. 684, 685; 3 Mayf. Dig. 412, § 5; *Smith v. Irvington Land Co.* (Sup.) 67 South. 251.

For the error above pointed out, the judgment of the circuit court must be reversed.

Reversed and remanded.