# Bank of Menlo *v.* Arnold & Co.

## *Assumpsit.*

(Decided May 13, 1915.    68 South. 699.)

1. *Principal and Agent; Right of Third Person; Agent's Authority.*—A principal holds out his general agent as authorized to do business for him only in the usual and customary mode common to that business; hence, where a bank forwarded money which had been deposited with it by plaintiff in the manner directed by plaintiff's agent, it must show not only that the agent was a general agent in charge of plaintiff's business, but that the method of forwarding was the usual method in which such business was conducted, if it would relieve itself from liability after the money had been lost in the transmission.

2. *Same; Authority of Agent; Jury Question.*—Where the authority of the agent is not in writing, and is disputed, the extent of his authority is a question for the jury, and charges assuming his authority may be refused without error.

3. *Evidence; Conclusion.*—As showing the extent ·of an agent's authority, a bank cashier cannot be asked who had charge of plaintiff's account in the bank, since that calls for a conclusion of a witness as to the very fact in issue.

4. *Same; Surmise.*—Where the action was by a depositor to recover money which the bank had forwarded to another on instruction from plaintiff's agent, a question to such agent as to how he expected the money to get to the person intended, called for a mere surmise, and was objectionable.

5. *Same; Motive.*—A witness may not be asked for what purpose he did a particular thing, such as why did he put a check in the bank, because it calls for undisclosed motive or intention.

6. *Attachment; Bond; Judgment.*—Under section 4313, Code 1907, a recital in the judgment entry that defendant executed a bond for the discharge of the attachment, with a certain surety, is sufficient to sustain the jurisdiction of the court to render judgment against 'the surety, in the absence of a showing to the contrary.

APPEAL from Cherokee Circuit Court.

Heard before Hon. W. W. HARALSON.

Assumpsit by J. H. Arnold & Co. against the Bank of Menlo. Judgment for plaintiff, and defendant appeals. Affirmed.

The bank being a nonresident, the action was begun by attachment, and was served by garnishing a number

[Bank of Menlo v. Arnold & Co.]

of parties. Bond was executed in dissolution of the attachment, and the Fidelity & Deposit Company became sureties on said bond, and judgment was entered against defendant and said sureties. The following charges were refused defendant: "(1) If Paden directed the cashier to send money by Drake, then a delivery to Drake of the money in question was binding on plaintiff.

"(2) Paden had the right to direct the sending of money to McCalman at Jamestown at plaintiff's risk.

"(3) If, upon review of the whole evidence in this case, you are reasonably satisfied that Paden directed the money to be sent by Drake, and you are further reasonably satisfied that Chamlee delivered the money to Drake, your verdict should be for defendant.

"(4) If Chamlee gave the money in person to Drake at the direction of Paden, the jury should find for defendant.

"(5) If Paden directed Chamlee to pay out the money on check, payable to McCalman at the time in question without indorsement, then he was authorized to do so.

"(6) If you believe from the evidence reasonably that Paden directed the $400 to be sent to McCalman by Drake, and you are further reasonably satisfied that Chamlee delivered the money to Drake, defendant in this case would not be responsible for a failure on the part of Drake to deliver the money to McCalman."

HUNT & WOLFES, and HOOD & MURPHREE, for appellant.

GOODHUE & BRINDLEY, for appellee.

BROWN, J.—(1) The plaintiff made a general deposit of money to his credit in the defendant's bank, to be used by plaintiff's agent Paden in the purchase of

cotton for plaintiff. This created the relation of creditor and debtor between the plaintiff and the defendant. —*Tallapoosa County Bank v. Salmon,* 12 Ala. App. 589, 68 South. 542; *Clisby v. Mastin,* 150 Ala. 133, 43 South. 742, 124 Am. St. Rep. 64; *South. Hardware Co. v. Lester,* 166 Ala. 86, 52 South. 328. And if on demand the bank refused to pay any balance due on account of such deposit, it was liable in an action by the depositor.— *Tobias v. Morris & Co.,* 126 Ala. 535, 28 South. 517.

It is not denied that a general deposit was made by the plaintiff in the defendant bank, nor that demand was made on the defendant for the sum claimed, before suit brought, but the defendant denies liability on the ground that it had paid out this money in due course of business on a check drawn by plaintiff's agent Paden, who in drawing the check was acting within the scope of his authority as the general manager of the plaintiff's business at Menlo, Ga. The defendant's theory of the transaction, which the evidence offered by it tends to support, is that Paden drew a check payable to the "order of cash," and delivered it to the defendant's cashier at the bank, with instructions to send the money to McCalman by one Drake, a flagman on the Chattanooga Southern Railway; that Paden not only had authority to thus draw the check, but to direct the manner in which the defendant was to effect a delivery of the money to McCalman, and that defendant's cashier, in pursuance of Paden's instructions and a course of dealings established thereunder, delivered the money to Drake, and thus made Drake the agent of the plaintiff to deliver the money to McCalman. The evidence was without conflict that Drake did not deliver the money to McCalman, and if it was delivered to Drake by Chamlee that Drake never accounted for it to McCalman or any

one else. The evidence offered by the plaintiff tended to show that the check was drawn by Paden in the name of the plaintiff, payable to the order of McCalman, and was delivered to Chamlee, the cashier, by Paden, with instructions to get the money to McCalman at once; that Chamlee never delivered the money to Drake, but without authority from McCalman indorsed the name of McCalman on the check and marked it paid; that the only authority Paden had was to use the money on deposit in the purchase of cotton and to issue checks to McCalman on this deposit, the proceeds of which were to be used by McCalman for a like purpose; that Paden had no authority from the plaintiff to direct the bank or its agents how payment should be made on checks so drawn, and that Paden did not authorize any such course of dealings as that the money should be delivered to Drake to be carried by him and delivered to McCalman.

"The general rule is that one who deals with an agent is bound to ascertain the nature and extent of his authority; but, in the application of the rule, a distinction is observed between general and special agencies. The power to do everything necessary to its accomplishment may be included in a particular agency, so that private instructions as to the particular mode of execution, which are not intended to be communicated, and are not communicated, to the party with whom the agent may deal, will not be regarded as limitations on his power. But, with this qualification, a special authority must be strictly pursued. A general agent may exceed his express authority, and the principal nevertheless be bound. The scope and character of the business, which he is empowered to transact is, as to third persons, the extent and measure of his authority. By his appoint-

ment, the principal is regarded as saying to the public that he has the authority to transact the business in the usual and customary modes. Secret limitations on his power, or private instructions as to the mode of transacting the business, will not affect the rights of third persons, who have no notice of such limitations or instructions. When a general agent transacts the business intrusted to him, within the usual and ordinary scope of such business, he acts within the extent of his authority; and the principal is bound, provided the party dealing with the agent acts in good faith, and is not guilty of negligence which proximately contributes to the loss. * * * Third persons, dealing with a person as a general agent, are not acquitted of all duty to inquire and ascertain the character and extent of his agency; but if, on inquiry, it is ascertained to be general, actually or apparently, they are not bound to inquire whether there are secret limitations, or private instructions, unless they have knowledge of facts which should put them on such inquiry."—*Wheeler v. McGuire, Scroggins & Co.,* 86 Ala. 398, 5 South. 190, 2 L. R. A. 808; *Louisville Coffin Co. v. Stokes,* 78 Ala. 372; *Cawthon v. Lusk,* 97 Ala. 674, 11 South. 731; *W. U. Tel. Co. v. Cunningham,* 90 Ala. 314, 14 South. 579; *Montgomery Furniture Co. v. Hardaway,* 104 Ala. 100, 16 South. 29; *Rhodes Furniture Co. v. Weeden & Dent,* 108 Ala. 252, 19 South. 318; *Lytle & Co. v. Bank of Dothan,* 121 Ala. 218, 26 South. 6; *Sweetser v. Shorter,* 123 Ala. 522, 26 South. 298.

Therefore, in order for the defendant to acquit itself of liability, it was not only necessary to show that Paden was a general agent in charge of the plaintiff's business, and that as such agent he instructed Chamlee to forward the money by Drake to McCalman, but that this

was "the usual and customary way in which business was conducted," and that Chamlee was not guilty of· negligence which contributed to the loss.

(2) When the authority of an agent is not expressed in writing and is a matter of dispute, it is a question for the jury, and not for the court.—*Syndicate Ins. Co. v. Catchings,* 104 Ala. 188, 16 South. 46.

Under these principles, charges specially requested by defendant and refused, numbered from 1 to 6, inclusive, were well refused.

(3) The question to the witness Chamlee, "Who was in charge of the account of Arnold & Co. in ·the Bank of Menlo?" if its purpose was to show that Paden as · the general agent had authority over the funds on deposit and the extent of his authority, was not permissible. This was one of the questions to be solved by the jury, and a witness may not usurp the functions of the jury by stating his conclusion as to the very fact in issue.—*Brandon v. Progress Distilling Co.,* 167 Ala. 368, 52 South. 640.

(4, 5) The question asked Paden as to how he "expected" the money to get to McCalman did not call for a fact, but a mere expectation or surmise, and the court did not err in sustaining the objection to it.—*Lytle v. Bank of Dothan,* 121 Ala. 219, 26 South. 6. And the question to Paden, "What did you put the check in the bank for?" called for an undisclosed intention or motive, and the objection was properly sustained.—*Fuller v. Whitlock,* 99 Ala. 411, 13 South. 80.

(6) In the absence of a positive showing to the contrary, the recitals in the judgment entry "that the defendant executed a bond for the discharge of garnishees in the case with the Fidelity & Deposit Company as its surety on said bond" are sufficient to sustain the juris-

diction of the court to render an appropriate judgment against the surety on the dissolving bond under the provisions of section 4313 of the Code, which provides: "And upon the trial of the cause, if judgment is rendered or ascertained to exist in favor of the plaintiff against the defendant, the court must also render judgment against the obligors in the bond for the amount of such judgment, interest thereon, and costs of suit."

The judgment against the surety on the dissolving bond should have been for the amount of the recovery against the defendant, together with the costs recovered by the plaintiff, and the judgment will be accordingly corrected.

There being no reversible error in the record, the judgment of the circuit court, as thus corrected, is affirmed.

Corrected and affirmed.