# Bowdon Lime Works, *et al. v.* Moss.

### Assumpsit.

(Decided October 26, 1915.  Rehearing denied December 8, 1915.
70 South. 292.)

1. **Appeal and Error; Assignment; Finding.**—Where there was no assignment of error predicated on an exception to the judgment and conclusion of the court on the evidence, the correctness of the finding of the court on the evidence is not presented for review.

2. **Same.**—Where there was no assignment of error predicated on the exception to the judgment and conclusion of the court on the evidence, the question whether the plaintiff could have recovered on the evidence showing an indebtedness on the part of any one of defendants, was not presented for review.

[Bowdon Lime Works, et al. v. Moss.]

**3. Sales; Price; Action for; General Issue.**—Where the action was assumpsit for the price of goods sold, and the plea was the general issue, a contention that defendant purchased the goods from a corporation through plaintiff, its president, raised the question whether defendant was indebted to plaintiff individually, or to the corporation.

**4. Same.**—In such circumstances, and where it appeared that the goods purchased by defendant originally belonged to the corporation, and plaintiff claimed that previous to the sale of goods to defendant, plaintiff had purchased the goods from the corporation to satisfy its indebtedness to him, and that defendant is liable to him and not to the corporation, evidence as to the amount of indebtedness of the corporation to plaintiff, and whether sufficient to pay for the goods purchased, the date of plaintiff's purchase, the entry on corporation's books, if any, and the party making it, whether there were other agents of the corporation authorized to manage its business, or whether plaintiff was in control and dealt with himself, and whether there was any objection to the sale by the other agents of the corporation, was admissible.

**5. Principal and Agent; Duty of Agent.**—One accepting an agency impliedly agrees to give his principal his best care and judgment, and to use the powers conferred on him for the sole benefit of his principal.

**6. Corporation; Agents; Relation.**—The president of an insolvent corporation could not sell its property to himself in good faith, as the interest of the corporation, and his own interests were antagonistic.

**7. Same; Ratification; Authority.**—Where the plant and machinery of an insolvent corporation were turned over in satisfaction of a debt the creditor who held the debt was not thereby authorized to ratify the previous acts of the president of the corporation in selling certain property to himself.

**8. Same.**—Evidence tending to show that a creditor of the insolvent corporation to whom the plant and machinery had been turned over agreed that plaintiff, the president of the insolvent corporation, could have an account against defendant, was immaterial to any issue in an action by plaintiff for the price of goods claimed to have been bought by him from the corporation, and sold to defendant; the trial being by the court without a jury, and the admission of such evidence having a tendency to show that the court was influenced thereby in determining the issues presented, its admission was prejudicial.

APPEAL from Shelby County Court.

Heard before Hon. E. S. LYMAN.

Assumpsit by Walter H. Moss against the Bowden Lime Works and the individuals composing the firm. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

The assignments of error referred to are as follows: (1) Overruling defendant's objection to the question propounded to the witness Moss, and motion to exclude the answer "whether Shelby Lime Company, a corporation, owed him enough to pay for the goods;" it being shown that a book account was kept between said Moss and the Shelby Lime Company. (2) Question and answer of same witness as to when witness bought the

goods; no authority having been shown enabling Moss to represent himself and the corporation in said contract of purchase. (3) Question and answer of the same witness as to how long before he sold the goods to Bowden, because it was not shown that the legal title was in said Moss, nor that he was authorized to sell the goods in bulk. (4) Question and answer of same witness as to whether or not witness charged the goods to himself; it not being shown that said Moss had the authority to charge the said goods to himself. (5) Question and answer of same witness as to whether or not the book shown witness is where he charged himself with the goods. (6) Question and answer of same witness as to whether anybody else had any authority whatever in the management of that concern, referring to the Shelby Lime Company, and the answer of the witness, "I am in full control of the business of that concern." (7) Same as 6. (8) To exclude the answer as to who was in control of the Shelby Lime Company. (9) Question and answer of same witness as to whether or not there was any objection made to the sale on the part of Shelby Lime Company, referring to the contract of sale in which Moss represented himself individually, and at the same time represented Shelby Lime Company.

HAYNES & WALLACE, for appellants. BROWN, LEEPER & KOENIG, for appellee.

BROWN, J.— (1) There is no assignment of error predicated on the exception reserved by the defendant to the judgment and conclusion of the court on the evidence, and no question is presented as to the correctness of the court's finding on the evidence. —*Tuscaloosa Cottonseed Oil Co. v. Perry*, 85 Ala. 158, 4 South. 635.

(2) Nor is the question as to whether the plaintiff should have recovered on the evidence showing an indebtedness on the part of any one of the defendants, when two are sued, open to review on the assignments of error made on the record.—*McAnally v. Hawkins Lumber Co.*, 109 Ala. 397, 19 South. 417.

(3, 4) Although Bowden Lime Works is sued as a partnership with Walter H. Bowdon, the case seems to have been tried on the assumption that Bowdon was the only defendant in the case and the suit was one between Moss and Bowdon, and we will so treat the case. It is not disputed that Bowdon purchased the goods, the sale of which constitutes the basis of the account sued

.on, and that the account has not been paid, but the contention of the defendant seems to be that he purchased the goods from the Shelby Lime Works, a corporation, through its president, Moss, while that on the part of the plaintiff is that the goods belonged to Moss, and that he sold them to the defendant. Otherwise stated, the question propounded to the court was, Is the defendant indebted to the plaintiff, or is the indebtedness due to the Shelby Lime Works? and this arises, necessarily, under the plea of the general issue.—*Tallapoosa County Bank v. Salmon*, 12 Ala. App. 589, 68 South. 542. It is not disputed that the goods purchased by Bowdon originally belonged to the Shelby Lime Works, and, at the time of the sale, that Moss was the president of that corporation, but Moss contends that, previous to the sale to Bowdon, he purchased the goods from the Shelby Lime Works to satisfy an indebtedness due from the Lime Works to him, and at the time of the sale to Bowdon they belonged to him, and hence Bowdon is indebted to him, and not to the Shelby Lime Works. Therefore the amount of the indebtedness of the Lime Works to Moss, whether it was an amount sufficient to pay for the goods purchased, the date of the purchase by Moss, what entry, if any, was made on the books of the corporation, and who made the entry, whether there were other officers or agents of the corporation with authority to manage and control the business of the corporation, or whether the plaintiff, Moss, was in control and was dealing with himself, and whether there was any objection to the sale to Moss by such other officers or agents were matters clearly within the issues in the case, and the rulings of the court on matters of evidence covered by assignments 1 to 9, inclusive, were free from error. The evidence shows without dispute that Moss, acting as president of the Shelby Lime Works, sold the goods to himself to pay an indebtedness due him on his salary, and that he soon thereafter sold the goods to the defendant. The evidence further shows that, subsequent to the sale of the goods to the defendant, the plant and machinery of the corporation were turned over to Moore in satisfaction of a debt due to Moore. The evidence further shows that after all the property of the corporation had been applied to the payment of debts due Moore and Moss, other debts were left unsettled, and therefore, at the time of this transaction, the corporation was insolvent.

(5, 6) One who accepts an agency impliedly undertakes to give his principal his best care and judgment, and to use the

.power conferred on him for the sole benefit of his principal, and therefore Moss had no authority to act as the president of the Shelby Lime Works in selling the goods in question to himself when the corporation was in a state of insolvency. Under these conditions, he could not, at the same time and in the same transaction, in good faith be the Shelby Lime Works, and W. H. Moss, representing antagonistic interests.—1 Morawetz on Corporation, § 517; *West St. Louis Savings Bank v. Shawnee County Bank,* 95 U. S. 557, 24 L. Ed. 490; *Gallery v. National Exchange Bank,* 41 Mich. 169, 2 N. W. 193, 32 Am. St. Rep. 149; *Chamberlain v. Pacific Wool-Growing Co.,* 54 Cal. 103; *Claflin v. Farmers' Bank,* 25 N. Y. 293; *Tuscaloosa Cottonseed Oil Co. v. Perry,* 85 Ala. 158, 4 South. 635; *Corey v. Wadsworth,* 99 Ala. 68, 11 South. 350, 23 L. R. A. 618, 42 Am. St. Rep. 29; *Goodyear Rubber Co. v. George D. Scott & Co.,* 96 Ala. 439, 11 South. 370.

(7, 8) Moore's relation to the Shelby Lime Works as its creditor certainly conferred upon him no authority to ratify the transaction relied upon by Moss to sustain his right of recovery. Therefore the evidence, showing that Moore agreed that Moss could have the account against the defendant, was wholly immaterial to any issue in the case, and the court erred in receiving this evidence.

(9) The trial was by the court, without a jury, and the admission of the evidence over the defendant's objection had a tendency to show that the court was influenced by this evidence in solving the issues in the case, and for this reason we are not able to apply the doctrine of error without injury.

This disposes of all matters presented by this appeal. For the error above indicated, the judgment will be reversed.

Reversed and remanded.