(77 South. 921)

## WOOD v. HENDON. (6 Div. 297.)

(Court of Appeals of Alabama. Feb. 5, 1918. Rehearing Denied Feb. 26, 1918.)

CORPORATIONS ☞312(3)—AUTHORITY OF OFFICERS—CONVERSION.

The president and principal stockholder of a corporation has no authority to accept in payment for goods of the corporation, a note for his individual debt, and to charge the amount against himself, and the purchaser, having knowledge of the facts, is liable in conversion to a trustee in bankruptcy of the corporation.

Appeal from Circuit Court, Walker County; J. J. Curtis, Judge.

Action by H. B. Wood, as trustee of the Walker Lumber Company, bankrupt, against T. S. Hendon. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Finch & Pennington, of Jasper, for appellant. Lacy, Lacy & Shepherd, of Jasper, for appellee.

BRICKEN, J. In this case it appears that Hendon (appellee) purchased a bill of lumber from the Walker Lumber Company, a corporation, through Asa Cranford, who was its president, general manager and the principal stockholder. At the time of such purchase, Mr. Cranford and his brother, Steve Cranford, were indebted to a Mrs. Williams, which was evidenced by a note on which there was a balance due of, to wit, $388. It was agreed between Mr. Asa Cranford and Mr. Hendon, at the time the trade for the lumber was closed, that Mr. Hendon might pay the account partly in cash, the balance, amounting to $388, to be paid by Mr. Cranford accepting the Williams note from Mr. Hendon, which he was to acquire from Mrs. Williams. The note was duly acquired by Mr. Hendon, and Asa Cranford, president

and general manager of the Walker Lumber Company, accepted that $388 note (from Hendon) in settlement of that (Hendon) account. At that time Asa Cranford was indebted to the corporation in a large sum. In that settlement Mr. Hendon was given credit for $388 on the books of the Walker Lumber company, and Asa Cranford charged himself with $388. By this means, Asa Cranford attempted to pay or discharge his and his brother's individual indebtedness, evidenced by the note originally held by Mrs. Williams, and later acquired by Mr. Hendon, by substituting Asa Cranford as a creditor of the Walker Lumber Company in the place of Mr. Hendon. About 29 days later, the Walker Lumber Company was adjudged a bankrupt, and H. B. Wood was appointed trustee, and several months thereafter filed this suit against Hendon for the alleged balance of $388, which it is claimed was due on his account. From a verdict and judgment in favor of Hendon the trustee appeals.

Appellant contends that the president and general manager of a corporation has no authority to use corporate assets in the payment of his individual debts, and he insists that this principle of law places the trial court in error, under the undisputed evidence, for refusing the general affirmative charge requested by the appellant in writing. It is well settled that if the agent of a corporation converts its property and applies that property to the payment of his personal obligations, such conduct renders both the president and his debtor liable as joint tortfeasors. Coleman's Case, 74 Ala. 435. The president, who is the agent of the corporation, has no authority to convert corporate assets, and apply them to his personal obligations; and, in the absence of a ratification of such transaction, under the uniform holdings in this state, both the agent and the purchaser are guilty of a joint conversion. One who accepts an agency impliedly undertakes to give his principal his best care and judgment, and to use the power conferred on him for the sole benefit of his principal, and therefore Cranford had no authority to act as president of the Walker Lumber Company in converting the lumber in question to his own use, or in selling same to himself when the corporation was in a state of insolvency. Under these conditions, he could not, at the same time and in the same transaction, in good faith be the Walker Lumber Company and Asa Cranford, representing antagonistic interests. Bowdon Lime Works et al. v. Moss, 14 Ala. App. 433, 70 South. 292, and cases cited.

In the instant case, the evidence is without conflict that the Walker Lumber Company did not owe the note; it is undisputed that it was the individual indebtedness of Asa Cranford and his brother Steve, and that appellee Hendon knew these facts; and there is no evidence in the case showing that the corporation, either by the action of its board of directors or by implication the result of acquiescence after knowledge, ratified the unauthorized acts of its agent Asa Cranford in this connection.

The evidence on these several questions being without dispute, we are of the opinion that the general affirmative charge requested by plaintiff in writing should have been given, and for the error of the court in refusing the said charge, the judgment of the lower court must be reversed, and the cause remanded.

Reversed and remanded.