(81 South. 343)

## CUMMINGS v. S. FUNKENSTEIN CO., Limited. (2 Div. 182.)

(Court of Appeals of Alabama. March 18, 1919.)

1. PARTNERSHIP ⬤⇒125—AGENCY.

The law of partnership is a branch of the law of agency, the functions, duties, and rights of the partners in a great measure comprehending those of agents, and the general rules of law applicable to agents being alike applicable to partners, for each is not only a principal, but also a general and authorized agent of the firm and of each partner for all purposes within the scope and objects of the firm.

2. PARTNERSHIP ⬤⇒141 — PURCHASES BY MEMBERS OF FIRM—SCOPE OF BUSINESS.

Purchases made by a partner in his own name, not within the apparent scope of the firm business as ordinarily conducted, or appropriate to the business in which the firm is engaged, will not bind the firm.

3. PARTNERSHIP ⬤⇒129—GENERAL AUTHORITY OF PARTNERS—NATURE OF BUSINESS.

The general authority of partners to bind the firm is to be tested by the nature of its particular business and the ordinary usages of such business.

4. PARTNERSHIP ⬤⇒128 — UNAUTHORIZED ACTS OF PARTNER—SCOPE OF BUSINESS.

A partnership is not bound by the unauthorized acts of any of the partners in a matter not within the apparent scope of the business of the firm.

5. PARTNERSHIP ⬤⇒129—SCOPE OF BUSINESS —USUAL COURSE.

In arriving at the scope of business carried on by a partnership, the authority for each transaction may be implied from the nature of the business according to the usual and ordinary course in which it is carried on by those engaged in it in the locality in which its seat is, or as reasonably necessary or fit for its successful prosecution.

6. EVIDENCE ⬤⇒11—JUDICIAL NOTICE—PROHIBITION COUNTY.

The appellate court knows judicially that the county of Hale was a prohibition district during the years 1913 and 1914, and that a general merchandise firm could not legally have engaged in buying and selling whisky and beer therein.

7. PARTNERSHIP ⬤⇒173 — SELLER TO PARTNERSHIP—NOTICE OF LIMITATION ON LEGAL ACTIVITY.

The seller of intoxicants to a firm engaged in merchandise business in a county judicially known to have been a prohibition district at the time is presumed to have had knowledge of the limitation that a firm formed for the conduct of a merchandising business could not legally have included an agreement to buy and sell whisky in the county.

8. PARTNERSHIP ⬤⇒141 — MERCHANDISING FIRM IN DRY TERRITORY — ORDERS OF INTOXICANTS—APPARENT AUTHORITY OF PARTNER.

The ordering by one partner of whisky and beer, prohibited by law from being carried as part of the general stock of the firm engaged in a general merchandising business, to be shipped, not to the firm, but to various parties, was not binding on the firm as appropriate to its business.

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

9. PARTNERSHIP ©≕141—ORDER OF GOODS BY ONE PARTNER—BINDING FORCE ON FIRM.

In order for a firm in dry territory to be held liable for whisky and beer ordered by one partner through the firm as agent for others, the ordering of the whisky and beer for others must have been authorized by the partnership agreement, or such method of ordering must have been used in carrying on the kind of business in which the firm was engaged, or appropriate to its business.

10. PARTNERSHIP ©≕217(2) — ACTION FOR GOODS ORDERED BY ONE PARTNER—EVIDENCE.

In action to recover from defendant for whisky and beer ordered by his partner from plaintiff, defendant should have been allowed to prove that the firm was not engaged in the sale of whisky, that it was not within the terms of the partnership, and any other fact which would tend to prove defendant knew nothing of the orders being sent to plaintiff.

11. PARTNERSHIP ©≕217(2) — ACTION FOR GOODS ORDERED BY ONE PARTNER — EVIDENCE.

In action to recover from defendant for whisky and beer ordered by his partner from plaintiff, orders for whisky were relevant and admissible as tending to show that a business was being conducted in a partnership name for a good length of time, from which the jury, with other facts, might conclude that defendant knew or should have known that, while the ordering of whisky was not appropriate to the business, still it became a part of the business by his acquiescence.

Appeal from Circuit Court, Hale County; B. M. Miller, Judge.

Action by the S. Funkenstein Company, Limited, against C. D. Cummings, on the common counts for merchandise sold and delivered. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Thomas E. Knight, of Greensboro, for appellant.

Joseph H. James, of Greensboro, for appellee.

SAMFORD, J. The defendant, C. D. Cummings, with his son, W. O. Cummings, was during the years 1913 and 1914 engaged in a general merchandise business in Hale county, Ala., under the firm name of C. D. Cummings & Son. The plaintiff in the court below was engaged in the whisky business in New Orleans, La. From March 3, 1913, to January 6, 1914, the plaintiff shipped to various parties on the orders of W. O. Cummings, signed "C. D. Cummings & Son, by W. O. C.," $446.15 worth of whisky and beer. It was shown that, when these orders were by letter, all of them, except in three instances, were signed by W. O. Cummings, as follows: "C. D. Cummings & Son, by W. O. C.," or "C. D. Cummings by H. & C." The three orders above referred to did not pur-

port to be for the partnership, and were orders signed by C. D. Cummings personally. Nor does it appear that C. D. Cummings ordered the whisky to be charged to the firm account, or had any knowledge that it was being so charged. The defendant offered to prove that the ordering and sale of whisky and beer was not within the terms of the partnership contract, that it was not a part of the business of the firm, and that C. D. Cummings was not informed that the whisky was being ordered in the firm name, and in fact knew nothing of the whisky being ordered (except such as he ordered himself, as an individual, to be shipped to himself and to one other party).

[1] It is a rule well established that the law of partnership is a branch of the law of agency. The functions, duties, and rights of the partners in a great measure comprehend those of agents, and the general rules of law applicable to agents are alike applicable to partners, and every partner is not only a principal, but also a general and authorized agent of the firm and of each partner for all purposes within the scope and objects of the partnership. 20 R. C. L. p. 882; Bank of Menlo v. Arnold & Co., 13 Ala. App. 462, 68 South. 699.

[2-5] But partnerships are not bound by every contract of purchase an individual member may make in the firm name. If such purchases are not within the apparent scope of the firm business as ordinarily conducted, or appropriate to the business in which the firm is engaged, the partnership will not be liable. 30 Cyc. 492; Ala. Fert. Co. v. Reynolds & Lee, 79 Ala. 502; McCrary v. Saughter, 58 Ala. 230–235; Story on Part. pars. 110, 113. The general authority of the partners to bind the partnership is to be tested by the nature of the particular business to which the partnership relates, and its ordinary usages. Clark v. Taylor, 68 Ala. 453. And the partnership is not bound by the unauthorized acts of one of the partners in a matter not within the apparent scope of the business of the partnership. Western Stage Co. v. Walker, 2 Iowa, 504, 65 Am. Dec. 789; Brooks v. Hamilton, 10 Mart. (O. S. La.) 285, 13 Am. Dec. 328; Locke v. Lewis, 124 Mass. 1, 26 Am. Rep. 631; 19 Eng. Rul. Cas. 439. In arriving at the scope of business carried on by a partnership, the authority for each transaction may be implied from the nature of the business, according to the usual and ordinary course in which it is carried on by those engaged in it, in the locality in which its seat is, or as reasonably necessary or fit for its successful prosecution. 20 R. C. L. 885; Irwin v. Williar, 110 U. S. 499, 4 Sup. Ct. 160, 28 L. Ed. 225.

[6-8] We know judicially that the county of Hale was a prohibition district during the years 1913 and 1914, and that the firm

of C. D. Cummings & Son could not legally engage in buying and selling whisky and beer. A partnership formed for the conduct of a general merchandise business could not, therefore, have legally included an agreement to buy and sell whisky at Stewart in Hale county, and the plaintiff is presumed to have had knowledge of this limitation. 2 R. C. L. p. 885; Livingston v. Roosevelt, 4 Johns. (N. Y.) 251, 4 Am. Dec. 273. Neither do we think that the ordering of an article of merchandise prohibited by law from being carried as a part of the general stock of the firm, to be shipped, not to the firm, but to "Tom, Dick, and Harry," is *appropriate* to the business being conducted by a firm engaged in the general mercantile business, as it is understood in this country.

[9] Although the partnership could not legally buy and sell whisky, in view of the fact that the transactions were interstate commerce, the partnership might become bound for the payment of the whisky, by acting as the agent of other parties, in ordering and procuring its shipment; but in order for the partnership of C. D. Cummings to be held liable as a partner for the whisky and beer ordered by "W. O. C.," although the name of C. D. Cummings & Son was signed to the orders by W. O. Cummings, the partner of C. D. Cummings in the general merchandise business, it would have to be shown that the ordering of the whisky and beer were authorized by the partnership agreement, or that the method of ordering was usual in carrying on the kind of business in which the firm was engaged (Dickinson v. Valpy, 19 Eng. Rul. Cas. 423), or appropriate to its business (authorities supra). If W. O. was not the agent of C. D. by virtue of the partnership, then the agency to order would have to be proven, or acts showing a ratification. But it may be noted here that it is not claimed that C. D. is bound, except as a member of the partnership, and hence the question of an agency otherwise created or ratified is not discussed at length.

[10, 11] The rulings of the court on the admission of testimony were in conflict with the foregoing views and where this conflict occurs, the court was in error. The defendant should have been allowed to prove that the firm was not engaged in the sale of whisky, that it was not within the terms of the partnership, and any other fact which would tend to prove that C. D. Cummings knew nothing of the orders being sent to the plaintiff. The orders for the whisky were relevant as tending to show that a business was being conducted in the partnership name for a great length of time, from which the jury might, when coupled with other facts, conclude that C. D. Cummings knew, or ought to have known, had he not been grossly negligent, that, while the ordering of the whisky was not appropriate to the business of the firm, still having been carried on with his knowledge, it thereby became a part of the business as if it had been included in the terms of the partnership contract. Ala. Fert. Co. v. Reynolds & Lee, supra.

For the error pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.