BOLTON *v.* GULF COAST AUTO Co.*

(Division A.  Nov. 17, 1924.)

[101 So. 702.  No. 24248.]

CORPORATIONS. *Agreement between corporation and stockholder, whereby latter appropriates assets to pay individual indebtedness valid where creditors not concerned.*

Where creditors are not concerned, an agreement between a corporation and a stockholder therein, by which the stockholder appropriates part of the assets of the corporation to pay his individual indebtedness, is valid as between such corporation and stockholder.

*Headnote 1.  Corporations, 14 C. J., section 1329.

APPEAL from circuit court of Harrison county.
HON. D. M. GRAHAM, Judge.

Suit by the Gulf Coast Auto Company against Mrs. Olivia Sones Bolton, administratrix. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

*Mize & Mize,* for appellant.

*R. D. Wigginton* and *John L. Heiss,* for appellee.

We stand upon the legal proposition that a president of an insolvent corporation, having no right to accept in payment of an indebtedness due the corporation, an individual debt of his own, and charge the amount to his account, certainly has no right to authorize another to do what he himself could not do. *Wood* v. *Hendon* (Ala.), 77 So. 921. The act would not only be *ultra vires* on the part of the officer, but *ultra vires* as to the corporation.

ANDERSON, J., delivered the opinion of the court.

Appellee, Gulf Coast Auto Company, sued appellant's intestate, Dr. W. T. Bolton, in the circuit court of Harrison county for an amount alleged to be due on an open account. During the pendency of the suit Dr. Bolton died, and appellant, his widow, was appointed administratrix, in whose name the action was revived. At the conclusion of the evidence the court directed a verdict for appellee, upon which judgment was duly entered and from which judgment appellant prosecutes this appeal.

The question in the case is whether or not a stockholder in an insolvent corporation can with the consent of the corporation appropriate part of its assets to the payment of his individual indebtedness to a third person. Appellant's evidence, which was ruled out on the objection of appellee, tended to make the following case: The appellee was a corporation under the laws of this state, and insolvent. Appellant's intestate, Dr. Bolton, was indebted to appellee on open account. Roy Chinn, one of appellee's three stockholders, was indebted to Dr. Bolton. With the consent of appellee its account against Dr. Bolton was charged on its books to Chinn, and the latter and Dr. Bolton thereupon set off their respective claims

against each other. In that manner Dr. Bolton's indebtedness to appellee, which of course was part of the latter's assets, became the property of Chinn, who with it paid his individual indebtedness to Dr. Bolton. The trial court ruled that such an appropriation by a stockholder in an insolvent corporation was illegal and void, and excluded appellant's evidence tending to show the above facts.

It will be observed that this is not a contest between the creditors of an insolvent corporation and one claiming its assets as against both the corporation and its creditors. Appellee relies on the principle declared in *Woods* v. *Hendon,* 16 Ala. App. 327, 77 So. 921, in which the supreme court of Alabama held that the president and principal stockholder of a corporation had no authority to accept in payment for goods of the corporation a note for his individual debt, and to charge the amount against himself, and the purchaser having knowledge of the facts was liable in conversion to a trustee in bankruptcy of the corporation. That was a case of an insolvent corporation being administered in a court of bankruptcy for the benefit of its creditors.

We see no reason why a stockholder in an insolvent corporation cannot with the consent of the corporation appropriate part of its assets to his individual purpose, upon what ground such an agreement is invalid where the rights of the creditors of the corporation are not involved. The creditors of the corporation may never be concerned in such a transaction. In the settlement of the affairs of a corporation one or more of the stockholders might assume the payment of all of the debts of the company, and carry out the obligation. Appellant's evidence in this case tended to show that Davis, one of the three stockholders in appellee corporation, agreed to do that. If that be a fact and Davis should carry out his agreement, the creditors of the corporation would suffer no harm whatever by Chinn's appropriation of part of

its assets in the manner stated. But the rights of the creditors will not be determined in a cause in which they are not parties. Neither are the rights of the creditors of appellee against Dr. Bolton involved in this cause. Whether or not the payment by Bolton in good faith of his indebtedness to appellee in the manner shown would stand as against the creditors of appellee is not involved in this case.

*Reversed and remanded.*