(125 So. 214)

**ALABAMA CABINET WORKS et al. v. BENSON HARDWARE CO.** (4 Div. 434.)

Supreme Court of Alabama. Dec. 19, 1929.

S. H. Gillis and A. R. Powell, both of Andalusia, for appellants.

Powell & Albritton, of Andalusia, for appellee.

THOMAS, J. The suit was upon a note by partnership, and one of the partners disputed the authority of the other, who executed the same.

The liability of a partner and as partnership liability imposed is well understood in this jurisdiction. Eggleston v. Wilson, 211 Ala. 140, 143, 100 So. 89. And so of the method of proof as to the existence or nonexistence of the partnership and that of implied authority or agency. Roberts & Son v. Williams, 198 Ala. 290, 73 So. 502. There was no error in allowing the witness Benson to testify that defendants did work on other houses, as that for Gavins, on the theory that, when there was a partnership existing, the action of the partnership and members thereof were inferences of implied authority or of the lack thereof. Although the court may well have allowed the questions, "During the time that you were connected with it [the partnership] did they

construct any building?" and "What was the character of the business during the time you were connected with it?" and allowed the witness to state what the parol partnership agreement was (Cummings v. Funkenstein Co., 17 Ala. App. 7, 81 So. 343, and authorities cited; Eggleston v. Wilson, 211 Ala. 140, 100 So. 89), these rulings were not reversible error; it not being disputed that Padgett and Brewer were partners under the firm name and style of Alabama Cabinet Works, and in which name the note sued upon was executed. It was not offered as a personal liability of the partner not signing the same. Brown v. Bamberger, Bloom & Co., 110 Ala. 342, 20 So. 114.

■ There was no error in allowing witness to testify that he had no notice that the authority of Padgett, a partner, was limited, or that the character of the business of the partnership was different from that in which they actually were engaged, or that plaintiff had no notice that Padgett had no authority to sign the note in his firm's name, by virtue of an agreement of the partners to such effect.

The evidence being concluded, the plaintiff and the defendant respectively requested general affirmative instructions. The charge given for the plaintiff was: "The court charges the jury that if they believe the evidence they will find for the plaintiff as against all the defendants." And the court stated to the jury: "Gentlemen of the jury, in this case, I will give the affirmative charge for the plaintiff, and you will ascertain the amount due on the note, together with attorney's fee, and the form of your verdict would be, 'We, the jury, find for the plaintiff and assess his damages at so much, together with interest and attorney's fee,' with interest to date and a reasonable attorney's fee. To the action of the court in giving to the jury the affirmative charge for the plaintiff, the defendants then and there duly and legally excepted."

■ Padgett, being a full partner in the business of construction, had the authority to sign the partnership name to the note for material and supplies used in that business, in an application of its assets to liabilities. Code, § 9373; 10 Enc. Dig. 854; 14 Enc. Dig. 625. That the materials or supplies were sold and credit given the partnership was not denied. The attention of Brewer was called to the account closed by note, and of its nature and amount. He never denied its correctness or disputed partnership liability. This is the effect of the evidence given by Gantt, Benson, and Straughn. The appellant Brewer admits that the only way he ever disputed the account or repudiated liability was by not signing the note as an individual. The note that bore the signature of the partnership and Padgett contained a waiver clause as to exempt property. And this act of refusal to sign might well be

referred to this additional personal liability to that as a partner.

The entire management of that business was intrusted to and conducted by Padgett. Those dealing with the partnership and Padgett as such manager were authorized to assume the full authority of the latter in the line and scope of that business. Eggleston v. Wilson, supra. The evidence shows, without conflict, that Brewer knew the name of the partnership had been signed to the note by his partner, Padgett, and he remained silent, and merely refused to superadd thereto his personal liability as affecting his right of exemptions under the law, as to personal property. The general affirmative instruction was properly given, it being stated to the court that the claim of plaintiff against said defendant was limited, and not extended to his claim of exemptions. See McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135. The note was not offered as an individual liability against the defendant Brewer.

In United Drug Co. v. Gramling-Belcher Drug Co., 216 Ala. 79, 80, 112 So. 357, 359, is the pertinent observation:

" 'It is a legal consequence of all mercantile partnerships, that each partner is the general agent of the firm, in all transactions within the scope of its business. Within the range of its ordinary business, his acts and engagements are as binding on the firm, as if all the members had united in them. * * * Each partner has an implied authority to make or indorse promissory notes in the name of, and binding on the firm, if they are made or indorsed for the benefit of the partnership, in the course of the partnership business.' Hurt v. Clarke, 56 Ala. 19, 22, 23, 28 Am. Rep. 751; Mauldin v. Branch Bank, 2 Ala. 502, 511; 20 R. C. L. 882–884, § 94; Id. 901, § 112.

"And 'in the case of a commercial partnership it is always presumed that when a member of a firm borrows money, or gives a note in the name of the firm, the transaction is for a partnership purpose, and the burden of proof is on the firm to show the contrary, and a contract made by a partner in the name of the firm is prima facie binding on the firm unless it is made outside of the firm business.' "

Such is the effect of the principles announced and authorities cited in Cummings v. Funkenstein Co., 17 Ala. App. 7, 81 So. 343.

There was no error in the trial court's instruction, when the given charge is taken in connection with the observations made and form of the verdict given by the court in the oral charge. The general affirmative instruction so given was predicated on whether the jury believed the evidence. Smith v. Gaines, 210 Ala. 245, 97 So. 739.

Affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.